**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO – Western Division at Dayton**

| | | |
|---|---|---|
| **MICHAEL POFFENBARGER** | : | Case No.: 3:22-cv-1 |
| *On behalf of himself and others similarly situated* | : | |
| c/o Christopher Wiest, Esq. | | |
| 25 Town Center Blvd, Ste. 104 | : | |
| Crestview Hills, KY 41017 | | |
| | : | |
| Plaintiff | | |
| v. | : | |
| | | |
| **Hon. FRANK KENDALL** | : | |
| *In his official and individual capacities as Secretary of the Air Force* | | |
| 1670 Air Force Pentagon | : | |
| Washington, DC 20310-1670 | : | |
| | | |
| and | : | |
| | | |
| **Lt. General ROBERT I. MILLER** | : | |
| *In his official and individual capacities as Surgeon General of the Air Force* | : | |
| 1780 Air Force Pentagon | | |
| Falls Church, VA 22041 | : | |
| | | |
| and | : | |
| | | |
| **Lt. General RICHARD W. SCOBEE** | : | |
| *In his official and individual capacities as Commander, Air Force Reserve Command* | : | |
| 555 Robins Parkway, Ste. 250 | | |
| Robins Air Force Base, GA 31098 | : | |
| | | |
| and | : | |
| | | |
| **Maj. General JEFFREY T. PENNINGTON** | : | |
| *In his official and individual capacities as Commander, 4th Air Force* | : | |
| 895 Baucom Ave., SE | | |
| March Air Reserve Base, CA 92518 | : | |
| | | |
| and | : | |

1

| | |
|---|---|
| **Lt. Colonel CHRISTOPHER KOJAK** | : |
| *In his official and individual capacities as Commander, 445th OSS* | : |
| 5439 McCormick Ave | |
| Wright-Patterson AFB, OH 45433 | : |
| | |
| and | : |
| | |
| **Colonel RAYMOND SMITH** | : |
| *In his official and individual capacities as Commander, 445th Airlift Wing* | : |
| 5439 McCormick Ave | |
| Wright-Patterson AFB, OH 45433 | : |
| | |
| And | : |
| | |
| **United States Of America** | : |
| c/o U.S. Attorney SDOH and | |
| U.S. Attorney General | : |
| | |
| Defendants | : |

**PLAINTIFF'S VERIFIED CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff, through Counsel, for himself and others similarly situated, states for his Verified Complaint as follows:

**Introduction**

1. This action involves the systematic effort of the Defendants, and those who report to them, to flagrantly violate federal law, and specifically the Religious Freedom and Restoration Act, 42 U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4 ("RFRA"), in a concerted and deliberate effort to violate the rights of members of the Air Force. In 2021, the Plaintiff, Air Force 2LT Michael Poffenbarger, submitted a request for a religious exemption to Air Force vaccination mandates. That request was processed by and through his chain of command. As part of that process, he was interviewed multiple times by an Air Force Chaplain to determine the sincerity of his beliefs and that the mandates substantially burdened those beliefs. The result of each interview

confirmed the sincerity of his beliefs and that the Air Force's vaccination policy substantial burdened those beliefs.

2. On a perfunctory basis, the request for the religious exemption was denied, citing force protection requirements; in fact, the Air Force has failed to approve a single religious accommodation request. While at the same time, it has approved thousands of administrative or medical exemptions to the same requirements. The Plaintiff appealed to the Surgeon General of the Air Force, who denied his appeal. This action follows.

## Parties

3. Plaintiff is an active reservist within the United States Air Force, who is currently stationed at Wright Patterson Air Force Base, within this judicial district.

4. Defendants are the duly installed Secretary of the United States Air Force (Defendant Kendall), the Surgeon General of the Air Force (Defendant Miller), the Commander of U.S. Air Force Reserve Command (Defendant Scobee), Commander of the Fourth Air Force (Defendant Pennington), and Plaintiff's immediate Squadron (Defendant Kojak) and Wing Commander (Defendant Smith). All Defendants were, as explained herein, personally involved with the complained of conduct.

## Jurisdiction and Venue

5. Subject matter jurisdiction over the federal claims and causes of action asserted by the Plaintiff in this action is conferred on this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1346(a)(2), 28 U.S.C. §1361, 28 U.S.C. § 2201, 28 U.S.C. § 2202, 42 U.S.C. 2000bb-1(c), and other applicable law.

6. Venue is proper in this District under the provisions of 28 U.S.C. § 1391(e)(1)(A) and (B), in that at least one Defendant resides in this District, and that a substantial part of the events or omissions giving rise to the claims in this case occurred in this district.

## Facts

7. On or about September, 2021, Plaintiff, then on active duty for training and in Officer Training School, received an order to be vaccinated by the Defendant Kendall, Secretary of the Air Force. A true and accurate copy of that order is attached hereto as **Exhibit 1**.

8. Plaintiff then began the administrative process to seek a religious accommodation under RFRA, and its implementing regulations, including, without limitation, Department of Defense Instruction ("DoDI") 1300.17.[1]

9. Ultimately, Plaintiff was commissioned in September, 2021, and permitted to graduate Officer Training School, with the request for accommodation pending. He was then returned to the active reserves, where he has been assigned to the 455th Operational Support Squadron, located at Wright-Patterson, Air Force Base, which is located in his judicial district.

10. On or about October 2, 2021, Plaintiff received a direct order to be vaccinated from his then-commander, Lt. Colonel Sopko (who has since been replaced by Lt. Colonel Kojak). A true and accurate copy of that order is attached hereto as **Exhibit 2**.

11. Again, in response to this order, Plaintiff pursued administrative remedies under RFRA, DoDI, and applicable Air Force Instructions, and his religious accommodation request was sent to the Commander of Air Force Reserve Command, Defendant, Lt. General Richard W. Scobee.

---

[1] https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/130017p.pdf (last visited 11/17/2021).

12. On or about October 22, 2021, Defendant, Lt. General Richard W. Scobee, denied Plaintiff's accommodation request. A true and accurate copy of that order is attached hereto as **Exhibit 3**.

13. The Scobee denial first acknowledged the sincerity of Plaintiff's religious beliefs, but stated that mission readiness required the vaccination of the Plaintiff from COVID-19. At the same time, Scobee has approved accommodations for administrative and/or medical reasons. Thus, Scobee's denial can <u>only</u> be explained as a hostility to Plaintiff's religious beliefs, and not a good faith application of RFRA. He is thus personally liable under RFRA for damages to Plaintiff, and others similarly situated.

14. The Plaintiff then undertook an administrative appeal to the Surgeon General of the Air Force, Lt. General Robert I. Miller, of Scobee's denial, on October 30, 2021. A true and accurate of that appeal, which also set forth in detail the Plaintiff's religious beliefs, is attached hereto as **Exhibit 4**.

15. On or about December 8, 2021, Lt. General Robert I. Miller also denied Plaintiff's appeal, a true and accurate copy of which is attached hereto as **Exhibit 5**.

16. In fact, as of the date of this Complaint, absolutely zero religious exemptions/accommodations have been granted across the Air Force, and at least 2,130 such requests have been denied.[2] The Air Force has begun discharging such airmen.[3]

---

[2] https://www.airforcetimes.com/news/your-air-force/2021/12/22/few-airmen-appeal-vaccine-exemption-denials-as-covid-19-cases-spike/ (last visited 1/2/2022). See, also, https://www.af.mil/News/Article-Display/Article/2882742/daf-processes-religious-accommodations-requests/ (last visited 1/2/2022).
[3] https://www.cnn.com/2021/12/13/politics/air-force-troops-discharged-covid-19-vaccine/index.html (last visited 1/2/2022).

17. In the meantime, and belying any assertion that vaccination is mission-critical and that no exemptions can be granted, the Air Force has approved at least 1,866 medical or administrative exemptions.[4] Miller's actions are identical to Scobee, reflecting a hostility to religious accommodation requests, while accommodating administrative and medical exemptions.

18. On December 12, 2021, Plaintiff received an order from his commander, Lt. Colonel Christopher Kojak, forwarding an order from the 4th Air Force Commander, Major General Jeffrey Pennington, attached as **Exhibit 6**. That order, which also incorporates an order from his Wing Commander, Colonel Raymond Smith, requires him to be vaccinated on his next duty day, which is Monday, January 3, 2022. The order indicates it is an order backed by punitive action, specifically the possibility of court martial under Article 92, Uniform Code of Military Justice ("UCMJ") (10 U.S.C. § 892).

19. Upon information and belief, Defendant Kendall gave directives to Commanders, through official and/or unofficial channels, that religious accommodations were not to be granted to the COVID-19 vaccination policy. The evidence for this includes, without limitation, that not a single such religious accommodation request has been granted, while both medical and administrative exemptions have been granted, undermining any mission requirement argument.

20. Defendants Pennington, Kojak, and Smith, were each aware, at the time of their actions that: (i) the Air Force, and Defendants Kendall, Scobee, and Miller each have failed to grant (or even meaningfully consider) any religious accommodation requests; (ii) but have processed and approved medical and/or administrative accommodations; but each, in violation of RFRA, and (iii) that the accommodation could be granted consistent with Plaintiff's military

---

[4] https://federalnewsnetwork.com/air-force/2021/11/airmen-awaiting-covid-vaccination-exemptions-must-stay-at-current-orders/ (last visited 1/2/2022).

duties; but nevertheless took, continue to take, and threaten to take additional actions against the Plaintiff, including the threat of punitive actions including court-martial.

21. Because the order in question violates Plaintiff's fundamental dictates of religion, he is unable to comply with it, and cannot adhere to it, even if it means federal prison through the UCMJ process.

22. To be clear, and without limitation, the Air Force has accommodated numerous airmen, at least from a medical or administrative perspective, belying any claim that vaccination is a must for mission accomplishment.

23. The Air Force has also accommodated persons with HIV, providing waivers to permit them to remain in the service, demonstrating the ability to accomplish the mission.

24. Furthermore, the vaccination requirement, including with respect to COVID-19, does not prevent infection, as breakthrough cases are increasingly becoming more prevalent.

25. However, the government must prove, but cannot prove, that it has a compelling interest to mandate a vaccine that has not demonstrated prevention or transmission of a virus.

26. Among other methods, the Air Force could accommodate Lt. Poffenbarger's request by, without limitation:

   a. Requiring testing to determine infection;

   b. Temperature checks and/or other screening to determine infection;

   c. Permitting and providing for Lt. Poffenbarger to become infected with COVID-19, so as to develop what is now a recognized, long lasting, natural immunity;[5]

---

[5] The Army itself has documented this in AR 40-562.
https://armypubs.army.mil/epubs/DR_pubs/DR_a/pdf/web/r40_562.pdf (last visited 11/23/2021).

  d. Provide an exemption anyways in that vaccination will not guarantee immunity, and there are members who are currently serving who are not immune to diseases they were vaccinated for, yet they remain able to serve and deploy;

  e. Requiring isolation to keep Lt. Poffenbarger away from those with the disease;

  f. Place Lt. Poffenbarger in a position and/or Military Occupational Specialty that is available for remote work or telework, and not in contact with other airmen;

  g. Given the significant level of vaccine compliance within the military, accommodating the few numbers of medical and documented religious exemption requests by providing an exemption, which is not a burden;

  h. As a second to last final option, place Lt. Poffenbarger in non-deployable status and/or assignment to a unit that does not deploy overseas; and/or

  i. As a final option, honorably discharge Lt. Poffenbarger.

## Injunctive Relief Allegations

27. Plaintiff has and continues to have his fundamental constitutional and statutory rights violated by these official capacity Defendants, each of whom is personally involved with the enforcement and/or threatened enforcement of the challenged orders. Plaintiff will be irreparably harmed if injunctive relief is not issued. Further, the public interest is served by the vindication of constitutional and statutory rights, and the weighing of harms warrants issuing injunctive relief. Because the scope of the violations extends to numerous other members of the Army who are similarly situated, Plaintiff seeks an injunction that similarly covers others similarly situated to remedy the violations at issue.

## Class Action Allegations

28. Plaintiff reincorporates the preceding Paragraphs as if fully written herein.

29. The actions and violations herein complained of thousands of active or active-reserve airmen.

30. Pursuant to FRCP 23(a), (i) the class is so numerous that joinder of all members is impracticable (with thousands of potential Plaintiffs); (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.

31. Pursuant to FRCP 23(b): (i) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and (ii) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

32. Plaintiff seeks a Plaintiff class, consisting of those persons who: (i) have been confirmed by Air Force Chaplains to have a sincerely held religious belief against the Air Force's vaccination requirements; (ii) have submitted paperwork demonstrating and seeking a religious accommodation; and (iii) have had their accommodation requests denied, by the relevant Air Force convening authority, or on appeal to Defendant Miller.

### CLAIM I – Violation of the Religious Freedom Restoration Act

33. Plaintiff reincorporates the foregoing as if fully written herein.

9

34. Pursuant to 42 U.S.C. 2000bb-1(a), "[i]n general Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b)."

35. Pursuant to 42 U.S.C. 2000bb-1(b), "Exception. Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person— (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

36. Defendants have, and continue, to substantially burden Plaintiff's exercise of religion, in light of their vaccine mandates, along with their refusal to timely process Plaintiff's accommodation request to that requirement (even though this is required by applicable regulation), do so not in furtherance of a compelling governmental interest, and do so in a manner that is not the least restrictive means of furthering any compelling governmental interest.

37. Pursuant to 42 U.S.C. 2000bb-1(c), "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."

38. Plaintiff has been, and is being harmed, by these violations, and Plaintiff therefore seeks, on his on behalf and on behalf of the class, damages against each of the Defendants in an individual capacity, in an amount to be proven at trial.[6]

39. Further, Plaintiff seeks injunctive relief, to halt the ongoing violations of law and to obtain compliance by the Defendants with same.

---

[6] The U.S. Supreme Court has held that individual damages are available against violators. *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020).

40. Further, Plaintiff seeks his reasonable attorney fees and costs pursuant to 42 U.S.C. 1988(b) (providing that attorney fees and costs awards are available against the federal government and its officials pursuant to RFRA claims).

### CLAIM II – Violation of the First Amendment of the United States Constitution

41. Plaintiff reincorporates the foregoing as if fully written herein.

42. The First Amendment of the Constitution protects the "free exercise" of religion. Fundamental to this protection is the right to gather and worship. *See W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943) ("The very purpose of a Bill of Rights was to withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts...[such as the] freedom of worship and assembly."). As the Supreme Court has noted, "a law burdening religious practice that is not neutral or not of general application must undergo the most rigorous of scrutiny." *Church of the Lukumi Babalu Aye, Inc.v. Hialeah*, 508U.S. 520, 546 (1993).

43. Defendants' actions, as described herein, including hostility towards religious beliefs, as well as the creation of secular exemptions from its policies, while refusing to accommodate religious exemptions, constitute a violation of the First Amendment's Free Exercise Clause. *Roberts v. Neace*, 958 F.3d 409 (2020).

44. Plaintiff thus seeks declaratory and injunctive relief under 28 USC § 2201 and 28 USC § 2202 for these First Amendment violations, and reasonable attorney fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as prayed for, including:

A. That this Court issue preliminary injunctive and/or restraining order relief, to preclude Defendants from taking enforcement/punitive action against Plaintiff, or others similarly

11

situated, during the pendency of this matter (or until or unless Defendants' rescind their current no-religious accommodation policy) related to his religious accommodation request;

B. That this Court issue a declaration that the challenged orders are unconstitutional and illegal under RFRA and/or the First Amendment, as applied to those submitting accommodations that substantially burden sincerely held religious beliefs;

C. That this Court direct injunctive relief to order timely and good faith processing of such accommodation requests, pursuant to existing DoD Instructions and RFRA;

D. That this Court direct injunctive relief to order Defendants to grant Lt. Poffenbarger's accommodation request pursuant to RFRA and award him damages;

E. That this Court certify the class as prayed for;

F. That Plaintiff be awarded his costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988 and other applicable law; and

G. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest
Christopher Wiest (OH 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/Aaron Siri
Siri Glimstad, LLP
Aaron Siri (PHV forthcoming)
Elizabeth Brehm (PHV forthcoming)
200 Park Avenue, 17th Floor
New York, NY 10166
(212) 532-1091 (v)

 (646) 417-5967 (f)
 aaron@sirillp.com

 /s/Zach Gottesman_____
 Zach Gottesman (OH 0058675)
 404 East 12 St., First Floor
 Cincinnati, OH 45202
 zg@zgottesmanlaw.com
 **Attorneys for Plaintiff**

<u>VERIFICATION</u>

Pursuant to 28 U.S.C. 1746, I, Michael Poffenbarger, declare under penalty of perjury that I have read the foregoing Verified Complaint, that I am competent to testify in this matter, that the facts contained therein (unless stated specifically as upon information or belief) are true and correct, and are based information personally known and/or observed by me.

Executed on: 1 / 2 /2022

*(signature)*
Michael Poffenbarger