IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO – Dayton Division

| | | |
|---|---|---|
| **MICHAEL POFFENBARGER** | : | Case No.: |
| Plaintiff | : | |
| v. | : | |
| **Hon. FRANK KENDALL**, et. al. | : | |
| Defendants | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

The Court, being fully apprised, grants Plaintiff's Motion for a Limited Temporary Restraining Order. Defendants Frank Kendall, LTG Robert Miller, LTG Richard Scobee, MGen Jeffrey Pennington, Col. Raymond Smith, and LTC Christopher Kojak are each (along with their officers, agents, servants, employees, and attorneys, and persons acting in concert with them) hereby ENJOINED and ORDERED as follows:

(1) To GRANT Lt. Poffenbarger his religious accommodation from their vaccination requirements; and

(2) To GRANT the religious accommodation request to any other airman, who has documented a sincerely held religious belief, from Defendants' vaccination requirements;

(3) To the extent Defendants have taken punitive action against any airman from September 1, 2021 to the present, including discharges, both punitive or administrative, against any airmen who submitted a religious accommodation request from Defendants' vaccination requirements, and to whom the Defendants confirmed (or did not dispute) the sincerity of the belief at issue, to provide full and complete relief to such persons, including restoration to active duty (or active reserve duty, as the case may be), record expungement, and restoration of pay and allowances; and

(4) Defendants are enjoined and commanded to (i) process religious accommodation requests from their vaccination requirements, including as to COVID-19 vaccinations, for other

service members, within the timeframes set forth in DoDI 1300.17 (including any amendments that may occur thereto); (ii) engage in a robust and good faith consideration of options other than vaccination for persons seeking religious accommodations under RFRA pursuant to sincerely held religious belief giving such accommodation requests the same consideration as are given to those who were given a medical or administrative exemption, as the case may be; and (iii) if Defendants provide for medical or other administrative exemptions to such vaccination requirements, or deferments of such requirements for temporary conditions such as pregnancy, to provide the same accommodations to soldiers who seek exemptions due to sincerely held religious beliefs. Nothing in this order prevents Defendants from utilizing their current process of Chaplain interviews to assess the sincerity of religious beliefs, nor from denying religious accommodations to persons whose requests for exemption are not motivated by a sincerely held religious belief;

(5) Defendants are further enjoined from their policies and practices of engaging in hostility toward religion;

(6) This order is applicable to all exemption requests under RFRA, and extends to each of the Defendants, as well as the Defendants' officers, agents, servants, employees, and attorneys, and those other persons who are in active concert or participation with any of the foregoing who receive actual notice of it by personal service or otherwise.

(7) No bond is required under FRCP 65.

IT IS SO ORDERED:

_____