**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

MICHAEL POFFENBARGER,          :
                                      :
          Plaintiff,           :      Case No. 3:22-cv-1
                                      :
         v.                    :      Judge Thomas M. Rose
                                      :
Hon. FRANK KENDALL, *et al.*,     :
                                      :
          Defendants.        :

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR AN**
**EMERGENCY TEMPORARY RESTRAINING ORDER (DOC. NO. 2)**

---

Pending before the Court is "Plaintiff's Motion for an Emergency Temporary Restraining Order and Preliminary Injunction" (Doc. No. 2) (the "Motion"), specifically the portion of the motion seeking an emergency temporary restraining order ("TRO"), filed by Plaintiff Michael Poffenbarger ("Poffenbarger") on Sunday, January 2, 2022 at 6:05 p.m.  In the motion, Poffenbarger asserts that he "faces punitive action … at noon on Monday, January 3, 2022." (Doc. No. 2 at PageID 44.)  Poffenbarger asks the Court to order that Defendants be enjoined "from instituting any punitive action, to include any letters or reprimand, to institute any non-judicial punishment, to court-martial the Plaintiff, or to take any other adverse action against him, for his refusal to adhere to the COVID-19 vaccination mandate (or to follow orders requiring him to comply with same." (Doc. No. 2-3 at PageID 250.)  Poffenbarger argues that the TRO should be granted without notice to Defendants.  (Doc. No. 2 at PageID 45-46.)  In Plaintiff's Verified Class Action Complaint For Declaratory Judgment and Injunctive Relief (Doc. No. 1), Poffenbarger asserts two causes of action: (1) violation of the Religious Freedom Restoration Act; and (2)

1

violation of the First Amendment of the United States Constitution.  (Doc. No. 1.)

A temporary restraining order ("TRO") is an extraordinary remedy.  Fed. R. Civ. P. 65; *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008).  The Court considers and balances four factors in determining whether to grant or deny a motion for a TRO:  "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."  *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 627 (6th Cir. 2013); *see also Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008); *Libertarian Party of Ohio v. Husted*, No. 2:13-cv-953, 2014 U.S. Dist. LEXIS 200934, at *3, 2014 WL 12647018 (S.D. Ohio Sept. 24, 2014).  "The factors are not prerequisites to injunctive relief; rather, the Court must balance them to determine whether they weigh in favor of granting a TRO or injunction."  *Libertarian Party of Ohio*, 2014 U.S. Dist. LEXIS, at *3 (citing *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)).  "The moving party bears the burden of justifying issuance of an injunction, including showing likelihood of success and irreparable harm."  *Id.*

Based on what has been presented to the Court, and having considered and balanced the four factors set forth above, the Court finds that Poffenbarger has not met his burden of justifying issuance of a TRO.  For example, regarding the first factor, the Court finds that Poffenbarger has not shown that he has a "strong likelihood of success on the merits" of his claims at this stage of the litigation.[1]  Based on what has been presented, the Court simply cannot say—at this point—

---

[1] This finding, as well as the Court's other determinations in this Order, applies only to Poffenbarger's request for a TRO, and the Court will consider each of the factors in connection with his request for a preliminary injunction following a hearing on that portion of his motion.  *See Libertarian Party of Ohio*, 2014 U.S. Dist. LEXIS, at *7-8; Fed. R. Civ. P. 65.  The Court notes the extremely limited time between Plaintiff's filing the Motion and the alleged time at which he would face "punitive action."

that Poffenbarger has a "strong" likelihood of success on any of his claims. The Court emphasizes that this is not determinative of a ruling on the portion of the motion requesting a preliminary injunction or at a trial on the merits. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981) ("the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits"). The Court **DENIES** Plaintiff's Motion for an Emergency Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) with respect to the request for issuance of a TRO.[2]

      **DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 3, 2022.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[2] The Court will schedule a conference call with the parties to discuss scheduling a hearing on the requested preliminary injunction.