**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MICHAEL POFFENBARGER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cv-1 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| Hon. FRANK KENDALL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER DENYING, AS MOOT, PLAINTIFF'S MOTION FOR RECONSIDERATION ON THE TEMPORARY RESTRAINING ORDER (DOC. NO. 11) AND SETTING SCHEDULE CONCERNING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (WITHIN DOC. NO. 2)**

On January 10, 2022, the Court entered a scheduling order concerning Plaintiff's Motion for Reconsideration of the Temporary Restraining Order (Doc. No. 11) (the "Reconsideration Motion"), in which Plaintiff "requests reconsideration of the temporary restraining order, only to prevent the Plaintiff from being involuntarily transferred to the individual ready reserve." In accordance with that schedule, counsel for the Defendants (in their official capacity only) filed an Opposition. (Doc. No. 15.) Plaintiff, Michael Poffenbarger ("Poffenbarger"), then filed a reply in support of the Reconsideration Motion. (Doc. No. 18.)

In the Reconsideration Motion, Poffenbarger emphasizes the limited nature of his current request: "[h]e seeks *only* that this Court enjoin Defendants from placing him involuntarily to the Individual Ready Reserve, and to continue to offer health insurance to him and his family, only for that period until this Court issues a decision on the Preliminary Injunction." (Doc. No. 11 at PageID 284 (italicized emphasis in original; bolded emphasis removed).) Poffenbarger indicates

1

that granting his request "would obviate the need for the next two alternatives sets of relief [i.e., an injunction pending appeal or an expedited scheduling order concerning his motion for preliminary injunction], as well as a compressed expedited schedule for the Court and Counsel." (*Id.* at PageID 285.)

The Opposition attaches a Declaration of Colonel Raymond A. Smith, Jr. (the "Declaration"). (Doc. No. 15-1.) The Opposition and Declaration represent to the Court that Poffenbarger "is not currently being reassigned into the Individual Ready Reserve, nor is he ineligible for health care benefits." (Doc. No. 15 at PageID 305; *see also* Doc. No. 15-1 at PageID 310.) "[T]he Air Force has rescinded the Letter of Reprimand that was issued to Plaintiff [Poffenbarger] on January 3, 2022, because required pre-coordination with higher headquarters was mistakenly missed." (*Id.*) The Air Force "issued a new Letter of Reprimand to Plaintiff [Poffenbarger] on January 10, 2022," to which Poffenbarger "has 45 days to respond." (Doc. No. 15 at PageID 305-06; *see also* Doc. No. 15-1 at PageID 310, 312, 314-16.) Poffenbarger's eligibility for Tricare Reserve Select health care will not be affected while the Letter of Reprimand is pending, and he "will not be involuntarily reassigned to the Individual Ready Reserve while the Letter of Reprimand is pending." (Doc. No. 15 at PageID 306; Doc. No. 15-1 at PageID 310.)

Furthermore, as set forth in the Opposition, the Court's understanding is that Poffenbarger will not be involuntarily placed to the Individual Ready Reserve, or lose eligibility for the health insurance, for an additional time period—which the Court anticipates will be beyond the time when it will issue a decision on his motion for preliminary injunction:

> Once Plaintiff responds to the Letter of Reprimand, his commander must decide whether to uphold the Letter of Reprimand. If the commander decides to uphold the letter, and if Plaintiff refuses to get vaccinated, then he will be involuntarily reassigned to the Individual Ready Reserve pursuant to Air Force policy. However, a service member's reassignment to the Individual Ready Reserve does not happen as soon as a letter of reprimand is upheld. Instead, the Air Force provides the

>service member with notice of the impending reassignment to the Individual Ready Reserve, and the service member has 15 days to respond. If the Air Force then decides to reassign the service member to the Individual Ready Reserve, the timeline to process varies depending on the number of reassignments being processed. Processing a service member for reassignment to the Individual Ready Reserve can take a month or longer and the service member's eligibility for Tricare Reserve Select health care is not affected until the service member is actually reassigned to the Individual Ready Reserve.

(Doc. No. 15 at PageID 306 (internal citations to Declaration omitted); *see also* Doc. No. 15-1 at PageID 310.)

Therefore, the relief requested has been provided; Poffenbarger will not be placed involuntarily to the Individual Ready Reserve, and he and his family will continue to be offered health insurance, for the period of time until this Court issues a decision on his motion for preliminary injunction. (Doc. No. 15 at PageID 305-06; Doc. No. 15-1 at PageID 310.) The Court has no reason to believe that there is any contrary intent on the part of the Defendants, and this matter will proceed to consideration of Poffenbarger's motion for preliminary injunction. The Court also notes that, generally, a temporary restraining order is limited in duration, typically expiring within 14 days after entry of the order with the ability to extend it for a like period of time if certain conditions are met. *See* Fed. R. Civ. P. 65(b). The Court finds that the Motion for Reconsideration is moot. *See A.R.D. v. St. Paul Catholic Sch.*, No. 5:13 CV 307, 2013 U.S. Dist. LEXIS 61588, 2013 WL 1856006, at *1-2 (N.D. Ohio Apr. 30, 2013) (denying motion for a TRO that requested plaintiffs be allowed to continue attending school at defendant pending resolution of the matter, where plaintiffs had been re-enrolled in the school and plaintiffs failed to demonstrate that defendant indicated any intent to terminate that enrollment); *Oppenheimer v. City of Madeira, Ohio*, No. 1:19-cv-770, 336 F.R.D. 559, 562 (S.D. Ohio Aug. 31, 2020) (denying motion for a TRO and preliminary injunctive relief as moot where defendant filed evidence that it had repealed the contested ordinance); *Conway v. Purves*, 963 F. Supp. 2d 708, 712 (E.D. Mich.

2013) (denying plaintiff's emergency motion for injunctive relief as moot where the court "anticipates that, before that harm becomes likely (if it ever does), this action will be resolved"); *see also McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (matter is moot if the relief sought would, if granted, fail to make a difference to the legal interests of the parties).

The Court **DENIES** Plaintiff's Motion for Reconsideration of the Temporary Restraining Order (Doc. No. 11).  The Court **ORDERS** the following schedule concerning Plaintiff's Motion for Preliminary Injunction (within Doc. No. 2):

- Defendants shall file any response(s) to Plaintiff's Motion for Preliminary Injunction (within Doc. No. 2), as supplemented in Doc. No. 11, on or before January 31, 2022, and Defendants (in their official capacity only) may file a joint memorandum not to exceed 35 pages;

- Plaintiff must file any reply to the response(s) on or before February 14, 2022, and any reply is limited to no more than 20 pages; and

- The Court will hold a hearing[1] on the motion for preliminary injunction on February 22, 2022 at 10:00 a.m.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 24, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The hearing will be held in-person in Courtroom 3 unless the parties agree—and inform the Court—that the hearing will consist solely of oral argument (i.e., no evidence will be presented).  If no evidence will be presented at the hearing, then the Court would be willing to conduct the hearing telephonically.  The Court notes the undersigned anticipates being generally unavailable (to conduct a hearing or otherwise) during the time period of February 5 through February 20, and February 21 is a federal holiday.