

**DEPARTMENT OF THE AIR FORCE**
**AIR FORCE RESERVE COMMAND**

Date  JAN 03 2022

MEMORANDUM FOR 2LT MICHAEL POFFENBARGER

FROM: 445 AW/CC

SUBJECT: Letter of Reprimand

1. It has come to my attention you have failed to follow a lawful order to get the Pfizer COVID-19 vaccine. You submitted a religious accommodation, which was disapproved by AFRC/CC, and your appeal was disapproved HAF/SG. You received MG Jeffrey T. Pennington's dated 1 Nov 2021 and acknowledged receipt of the order. This order required you to ensure you had received the first shot of the Pfizer COVID-19 vaccine and provide proof to Lt Col Christopher Kojak of compliance. As of 3 Jan 2022, you have not received the first shot of the vaccine nor have you provided proof of compliance with the order. This is a violation of Article 92, Uniform Code of Military Justice.

2. You are hereby reprimanded! As a member of the United States Air Force, it is your duty to obey the lawful orders of your Commander. In the future, I expect you to obey the orders of your Commander and adhere to all laws and Air Force standards. Further misconduct may result in more severe action.

3. The following information required by the **Privacy Act** is provided for your information. **AUTHORITY**: 10 U.S.C. 9013. **PURPOSE**: To obtain any comments or documents you desire to submit (*on a voluntary basis*) for consideration concerning this action. **ROUTINE USES**: Provides you an opportunity to submit comments or documents for consideration. If provided, the comments and documents you submit will become a part of the action. **DISCLOSURE**: Your written acknowledgment of receipt and signature is mandatory. Any other comment or document you provide is voluntary.

4. You will acknowledge receipt and return this letter to me within three (3) calendar days of your receipt of this letter. Your signature on this document is solely for receipt purposes and is not an admission of guilt. Any comments or documents you wish to be considered concerning this document must be submitted at that time. If you submit supporting documents they will become part of the record. I intend to refer this document to an Unfavorable Information File. If you wish to provide any reasons why I should not refer this document to a UIF, you should present them (along with any supporting document) with your response.

RAYMOND A. SMITH, JR., Colonel, USAF
Commander

Attachment:
Order to Receive COVID Vaccination, 01 Nov 2021

1st Ind to 445 AW/CC

2Lt Michael Poffenbarger

MEMORANDUM FOR 445 AW/CC

I acknowledge receipt and understanding of this letter on 3 JAN 2022. I understand that I have until 6 JAN 2022, which is no earlier than ~~forty-five (45)~~ *THREE (3)* calendar days from my receipt of this letter, to provide a response and that I must include in my response any comments or documents I wish to be considered concerning this letter.

MICHAEL POFFENBARGER, 2Lt, USAF

2nd Ind, 2Lt Michael Poffenbarger

Date 6 January 2022

MEMORANDUM FOR 445 AW/CC

I have reviewed the allegations contained in this Letter of Reprimand. (I am submitting the attached documents in response) ~~(I hereby waive my right to respond)~~.

MICHAEL POFFENBARGER, 2Lt, USAF

3rd Ind, 445 AW/CC

MEMORANDUM FOR 2Lt Michael Poffenbarger

1. (I have considered the response you submitted on __6 Jan 2022__.) (You waived your right to submit a response to this action.)

2. I have decided to (~~withdraw the Letter of Reprimand~~) ((sustain the Letter of Reprimand)) (reduce the Letter of Reprimand to a Letter of Admonishment/counseling) (and will file this action in a UIF).

RAYMOND A. SMITH, JR., Colonel, USAF
Commander

4th Ind, 2Lt Michael Poffenbarger

MEMORANDUM FOR 445 AW/CC

I acknowledge that on __7 January 2022__ you advised me that you had considered the matters submitted by me in response to the above reprimand and informed me of your final decision regarding the same.

MICHAEL POFFENBARGER, 2Lt, USAF



**DEPARTMENT OF THE AIR FORCE**
**445th AIRLIFT WING**
**AIR FORCE RESERVE COMMAND**
**WRIGHT-PATTERSON AIR FORCE BASE OHIO**

7 January 2022

MEMORANDUM FOR RECORD

FROM: 445 FSS/FSPS
      5439 McCormick Avenue
      Wright-Patterson AFB OH 45433-5412

SUBJECT: Termination of TriCare Reserve Select

1. 2Lt Michael J. Poffenbarger will have TriCare Reserve Select through the end of January 2022. By 1 February 2022 member should be enrolled with a different insurance due to going Involuntary ORS with the Air Force Reserves.

2. If there are any questions or concerns, please feel free to contact me via phone at 937-257-6981 or via email at 445FSS.FSMPS.CustomerService@us.af.mil.

MATHER.CHANDLER.SEAN.1547431738
Digitally signed by MATHER.CHANDLER.SEAN.1547431738
Date: 2022.01.07 08:46:25 -05'00'

CHANDLER S. MATHER, SrA, USAF
Customer Service Technician



**DEPARTMENT OF THE AIR FORCE**
AIR FORCE RESERVE COMMAND

10 January 2022

MEMORANDUM FOR 2LT MICHAEL POFFENBARGER

FROM: 445 AW/CC

SUBJECT: Rescission of Letter of Reprimand and Denial of Participation

1. The Letter of Reprimand you received on 3 January 2022 is being rescinded and replaced with the Letter of Reprimand dated 10 January 2022 and the Denial of Participation dated 7 January 2022 is being rescinded and replaced with the Denial of Participation dated 10 January 2022.

RAYMOND A. SMITH, JR., Colonel, USAF
Commander, 445th Airlift Wing

attach
Letter of Reprimand, 10 January 2022
Denial of Participation, 10 January 2022



**DEPARTMENT OF THE AIR FORCE**
**AIR FORCE RESERVE COMMAND**

10 January 2022

MEMORANDUM FOR 2LT MICHAEL POFFENBARGER

FROM: 445 AW/CC

SUBJECT: Letter of Reprimand

1. It has come to my attention you have failed to follow a lawful order to get the Pfizer COVID-19 vaccine. You submitted a religious accommodation, which was disapproved by AFRC/CC, and your appeal was disapproved HAF/SG. You received MG Jeffrey T. Pennington's dated 1 Nov 2021 and acknowledged receipt of the order. This order required you to ensure you had received the first shot of the Pfizer COVID-19 vaccine and provide proof to Lt Col Christopher Kojak of compliance. As of 3 Jan 2022, you have not received the first shot of the vaccine nor have you provided proof of compliance with the order. This is a violation of Article 92, Uniform Code of Military Justice.

2. You are hereby reprimanded! As a member of the United States Air Force, it is your duty to obey the lawful orders of your Commander. In the future, I expect you to obey the orders of your Commander and adhere to all laws and Air Force standards. Further misconduct may result in more severe action.

3. The following information required by the **Privacy Act** is provided for your information. **AUTHORITY:** 10 U.S.C. 9013. **PURPOSE:** To obtain any comments or documents you desire to submit (*on a voluntary basis*) for consideration concerning this action. **ROUTINE USES:** Provides you an opportunity to submit comments or documents for consideration. If provided, the comments and documents you submit will become a part of the action. **DISCLOSURE:** Your written acknowledgment of receipt and signature is mandatory. Any other comment or document you provide is voluntary.

4. You will acknowledge receipt and return this letter to me within forty five (45) calendar days of your receipt of this letter. Your signature on this document is solely for receipt purposes and is not an admission of guilt. Any comments or documents you wish to be considered concerning this document must be submitted at that time. If you submit supporting documents they will become part of the record. I intend to refer this document to an Unfavorable Information File. If you wish to provide any reasons why I should not refer this document to a UIF, you should present them (along with any supporting document) with your response.

RAYMOND A. SMITH, JR., Colonel, USAF
Commander

Attachment:
Order to Receive COVID Vaccination, 01 Nov 2021

1st Ind to 445 AW/CC

2Lt Michael Poffenbarger

MEMORANDUM FOR 445 AW/CC

I acknowledge receipt and understanding of this letter on **14 January 2022**. I understand that I have until **28 February 2022**, which is no earlier than forty-five (45) calendar days from my receipt of this letter, to provide a response and that I must include in my response any comments or documents I wish to be considered concerning this letter.

MICHAEL POFFENBARGER, 2Lt, USAF

2nd Ind, 2Lt Michael Poffenbarger

Date **28 February 2022**

MEMORANDUM FOR 445 AW/CC

I have reviewed the allegations contained in this Letter of Reprimand. (I am submitting the attached documents in response) ~~(I hereby waive my right to respond)~~.

MICHAEL POFFENBARGER, 2Lt, USAF



DEPARTMENT OF THE AIR FORCE
AIR FORCE RESERVE COMMAND

10 January 2022

MEMORANDUM FOR 2LT MICHAEL POFFENBARGER

FROM: 445 AW/CC

SUBJECT: Denial of Participation for Points and Pay

This memorandum serves as a notification that you are currently not compliant with your medical readiness requirements. Specifically, you have refused to receive your COVID-19 vaccination after being given a lawful order to do so. For this reason, you are also being involuntarily reassigned to the Individual Ready reserve (IRR) in accordance with DAFI 36-2110. Pursuant to AFMAN 36-2136, Table 1.2., Note 3, you may not participate in any point or pay activities going forward.

RAYMOND A. SMITH, JR., Colonel, USAF
Commander

1st Ind, 2LT MICHAEL POFFENBARGER

MEMORANDUM FOR 445 AW/CC

I acknowledge receipt of this notification.

MICAHEL POFFENBARGER, 2Lt, USAF

28 February 2022

MEMORANDUM FOR 445 AW/CC (COLONEL RAYMOND A. SMITH, JR.)

FROM: 2D LT MICHAEL J. POFFENBARGER

SUBJECT: Response to Letter of Reprimand

1. Sir, this memorandum is in regard to the Letter of Reprimand I received on 14 January and dated 10 January 2022. I respectfully ask that you consider the memorandum attached dated 6 January as my response as the facts of my service and actions have not materially changed in the intervening time. I formally ask you to please remove the Letter of Reprimand (LOR). As support for my request, I ask again that you consider my previous service as well as the defense attorney memo included in my response. Thank you for considering this letter and my submission prior to making a final decision on this action.

2. In light of my many achievements in the Air Force, community involvement, and the injunction issued on 28 February 2022, I ask that you remove the Letter of Reprimand. Before taking final action, I ask that you consider everything before you and know that it is my goal to fulfill my dream to continue to serve the United States of American in the greatest Air Force in the world. I am deeply sorry for the loss of time and resources the inconvenience of this matter has caused to you and every other individual in the chain of command.

Michael J. Poffenbarger, 2d Lt, USAF

2 Attachments:
1. Memorandum for 445 AW/CC (Colonel Raymond A. Smith, Jr.) 6 January 2022 (2 pages).
2. Memorandum for 445 AW/CC (Colonel Raymond A. Smith, Jr.) 6 January 2022 (187 pages).

6 January 2022

MEMORANDUM FOR 445 AW/CC (COLONEL RAYMOND A. SMITH, JR.)

FROM: 2D LT MICHAEL J. POFFENBARGER

SUBJECT: Response to Letter of Reprimand

1. Sir, this is in regards to the Letter of Reprimand I received on 3 January. I respectfully ask that you consider the following information in defense of the incident alleged. Please remove the Letter of Reprimand (LOR) or delay your decision until the legal questions before the United States (US) District Court for the Southern District of Ohio are decided. I understand that a LOR has broad and significant effects on my career through placements in an Unfavorable Information File, Officer Selection Record, Master Personnel Records Group, and more. My career as an Intelligence Officer, the ability to eventually lead in a joint environment or at a foreign location would be adversely impacted by such action. These are outlined further in the defense attorney memo included in my response. Thank you for considering this letter and my submission prior to making a final decision on this action.

2. It is with deep regret I was unable to comply with the order by Major General Pennington. My religious beliefs prevent me from accepting this vaccination as stated in my accommodation request and appeal letter. I understand that my religious accommodation request was denied, but I am asking for reconsideration through ongoing litigation. I do not seek to undermine any order, or fail to follow them; I simply wish to serve while also honoring my religious beliefs. I hope to be able to leverage my experience in the enlisted force to serve the Wing and the US Air Force as a leader and an Intelligence Officer. I initially joined to serve my country after the events of 11 September 2001, and it is my dream to continue to serve and give back to the very service which has given me so much. I apologize for the inconvenience and strain this creates.

3. My military career began in 2005. Upon graduating BMT as an A1C, I was awarded the Honor Graduate Ribbon. I was recognized in the Enlisted Aircrew Undergraduate Course with the Military Bearing and Discipline Award. After completing training at the Defense Language Institute, I was selected for the prominent active duty 41st Electronic Combat Squadron (ECS) as an Analysis Operator on the EC-130H Compass Call. My first deployed crew Aircraft Commander recommended me for a follow-on deployment as an augmentee on a DoD Joint deployment. That deployment afforded me the opportunity to leverage my language and operation skills to lead augmentees at several locations over a greater than six-month period in program/procedure and infrastructure development. At Airman Leadership School I was awarded the Academic and the Leadership Award. The Commander of the 41st ECS decided to use my experiences to shift my focus to the position of Acquisition Operator on the EC-130H. As my second enlistment ended, I was offered a position on the AC-130 out of Canon AFB. But the opportunity to move home and retrain as an Aerial Porter for the 87th APS was a greater draw for me and my family. I achieved Distinguished Graduate in technical training at Dobbins ARB, Georgia and completed all my on-the-job requirements during seasonal training in Charleston, South Carolina. I was later selected for Green Belt training, Non-commissioned Officer (NCO) Leadership Development course, the NCO Academy at McGhee Tyson Air

National Guard Base, and the Deserving Airman Commissioning Program. At OTS I was selected to be the first Flight Leader, the HELPS and WELPS officer, and earned above a 95% in my academic scores. I volunteer regularly in my community with little league baseball, food pantry, community asset revitalization projects, historic building upkeep, and church-supported opportunities for low-income residents. In my civilian employment I lead a ground survey crew, I have been selected to lead the new drone survey program, and we regularly work to improve airport conditions and civil infrastructure in Indiana and Western Ohio.

4. In light of my many achievements in the Air Force and my community involvement, I ask that you remove the Letter of Reprimand or delay your decision until the legal questions before the United States (US) District Court for the Southern District of Ohio are decided. I have been a diligent Airman throughout my here-to-fore excellent Air Force career. The courts will soon consider my complaint under the 1st Amendment to the US Constitution and the Religious Freedom Restoration Act. I ask you to not reprimand an Officer for following the moral guidance of a religious conviction at the very beginning of this new chapter. I am deeply sorry for the loss of time and resources the inconvenience of this matter has caused to you and every other individual in the chain of command.

Michael J. Poffenbarger, 2d Lt, USAF

2



**DEPARTMENT OF THE AIR FORCE**
OFFICE OF THE JUDGE ADVOCATE GENERAL
MILITARY JUSTICE AND DISCIPLINE
AREA DEFENSE COUNSEL

28 February 2022

MEMORANDUM FOR 445 AW/CC (COLONEL RAYMOND A. SMITH, JR.)

FROM: AF/JAJD/ADC (CAPT MATTHEW SNELL)

SUBJECT: Letter of Reprimand, dated 3 January 2022 – 2d Lt Michael Poffenbarger

1. Sir, I respectfully ask you to determine not to make a final decision on the Letter of Reprimand (LOR) until after clear adjudication of the ongoing Federal court proceeding involving the same underlying issue – 2d Lt Poffenbarger's religious accommodation request. This is compounded by the Preliminary Injunction issued on 28 February 2021 (Attachment 1). Please consider the following information and the Judge's order constraining Air Force, and specifically your actions,[1] as you determine what action is appropriate in this case. There are significant collateral effects from LORs for officers and the follow on transfer to the Individual Ready Reserve (IRR), that you **cannot** undue even in compliance with the injunction or the ongoing litigation rules that the Air Force is in fact inappropriately treating religious accommodation requests. Moreover, the law is not clearly settled regarding COVID-19 vaccines mandates and religious accommodation requests regarding the COVID-19 vaccines.

2. **ARGUMENT**.

   a. On 28 February 2022, a preliminary injunction was issued preventing "further adverse action against [2d Lt] Poffenbarger because of his refusal to get vaccinated for COVID-19 due to his religious beliefs …." Attachment 1, page 40.

   b. Second, there is ongoing litigation as it relates to denied religious accommodation requests. On 15 February 2022, a Federal court granted an injunction against the Air Force preventing action against an officer after their religious accommodation request was granted.[2] A second was issued on 17 February 2022. An injunction was issued on 3 January 2022 preventing the Navy from taking exactly this type of action against 26 Navy Seals who had their religious accommodation requests denied as it violated protections under the Religious Freedom Restoration Act (42 U.S.C. Chapter 21B) and the First Amendment to the U.S. Constitution.
2d Lt Poffenbarger submitted a timely religious accommodation act, that was denied, and is one of more than 2,000 members who had their request denied. As of late December 2021, not a single religious accommodation request has been granted. Recently, only eight religious accommodation requests have been granted out of more than 4,000. Therefore, please do not make a final decision on this LOR until after there is certainty in the religious accommodation denials. This issue is compounded by the inability to restore administrative actions (specifically, OSR and other actions tantamount to discharge discussed more below).

---

[1] Attachment 1, Note 1, specifically names "Colonel Raymond Smith."

[2] The injunction was limited to this particular officer, but the reasoning and concerns apply. Please carefully consider the decision in Attachment 1. It is possible in the short term that broader injunctions are granted or a class action suit is allowed to proceed for all airmen.

    c. Third, the orders up and down the chain require vaccination with FDA fully authorized vaccines, and affords members the opportunity to volunteer for other vaccines, but it is not required. This was predicated on the Comirnaty's authorization. But, that vaccine is not available. Instead, the direction from the Assistant Secretary for Health Affairs [ASD(HA)] is that the Pfizer vaccine is interchangeable with the Comirnaty. As noted by the FDA, that is about the use as an effective and safe vaccine. Yet, the FDA remarks the Pfizer vaccine is legally distinct from the Comirnaty vaccine. SECDEF provided explicit guidance, SECAF echoed it in that the vaccine must be FDA approved. Furthermore, ASD(HA) was not authorized by SECDEF to amend SECDEF's guidance. ASD(HA) is an advisor to the office SECDEF authorized to amend and provide guidance – Under Secretary for Personnel and Readiness [USD(P&R)]. ASD(HA)'s role is to provide guidance and oversight of medical and dental members; not the medical standards and requirements of all members. There is legal uncertainty regarding this guidance, and we ask you to determine not to issue 2d Lt Poffenbarger's paperwork based on legal uncertainty at this time.

3. **INJUNCTION ORDER**. On 28 February 2022, Judge Thomas M. Rose issued a preliminary injunction preventing further administrative action by the Defendants, which includes the United States of America, SECAF, AF/SG, AFRC/CC, 4 AF/CC, and 435 ARW/CC. Attachment 1, Note 1 and pages 40 - 41. The Court specifically stated that the Defendants are not required to revoke the 10 January 2022. Id., page 41. However, that LOR is not final, not until the issuer acts on it. See AFI 36-2907, para. 2.4.3. The Injunction Order did order that the Defendant "are enjoined and restrained from taking any further adverse action against [2d Lt] Poffenbarger because of his refusal to get vaccinated for COVId-19 … including … involuntarily transferring/reassigned … to the [IRR] and from allowing any other adverse action that stems from the adverse action already taken." Id.,, page 40. This language creates significant confusion on whether the LOR can be upheld as the initial action has been taken, in offering the LOR, but is has **not** been finalized. Upholding the LOR as written also would trigger an Unfavorable Information File and Officer Selection Record which would by the language of the order, violate it. I request you withdraw the LOR pending the outcome of the case or hold the action in abeyance, that is to say you take no action on this LOR without clear direction on this injunction order.

4. **COLLATERAL ACTIONS**. Sir, effective in February of 2021, the Secretary of the Air Force ordered changes to the treatment of Officer Selection Records (OSR). *See* DAFPM 2021-36-03, *Department of the Air Force Policy Memorandum (DAFPM) on Adverse Information for Total Force Officer Selection Boards*.

    a. Moving forward, commanders must place any Letter of Reprimand or Admonishment in the officer's OSR. DAFPM 2021-36-03, Attachment 1, para. 2(a)(4) & (5) ("Effective the date OSD approves this policy, all adverse information an officer receives will be filed in the Officer's Selection Record (OSR) and will be considered by promotion selection, special selection, federal recognition (ANG specific), and selective continuation boards to the grade of O-4 and above (to include processes for O-3 promotions that have 'extraordinary adverse information' per DoDI 1320.14 … Adverse information includes, but is not limited to: … Letter(s) of Reprimand [&] Letter(s) of Admonition."). Notably, Letters of Counseling are not by default placed in an officer's OSR. DAFPM 2021-36-03, Attachment 1, para. 2(a)(7).

    b. By creating an OSR through this action you will dramatically affect 2d Lt Poffenbarger's ability to continue in service. OSR's are significant and will be presented to promotion boards including the future boards that may consider 2d Lt Poffenbarger.

    c. Additionally, there is some mixed guidance that this may trigger a mandatory referral Officer Performance Report (OPR). In AFI 36-2406, when "the senior rater decides to file any adverse information in an Airman's [OSR] … [t]he evaluation becomes a referral."
AFI 36-2406, *Officer and Enlisted Evaluation Systems*, para. 1.8.7.1.

    d. Therefore, if you maintain this as a Letter of Reprimand you must also place it in 2d Lt Poffenbarger's OSR. That will dramatically and irrevocably negatively affect his career for the next 10 years. It will also be considered at any future promotion board that considers him, form the basis for discharge from service, and may prevent him from continued promotion, effectively ending his career. Finally, it has the potential to create a referral OPR, regardless of 2d Lt Poffenbarger's other work in service.

    e. Moreover, the file will be placed in 2d Lt Poffenbarger's Master Personnel Records Group (MPerRGp). DAFPM 2021-36-03, Attachment 1, para. 2(c). Files placed in the MPerRGp can only be removed by the Air Force Board of Correction of Military Records (AFBCMR). *Id*. Only the AFBCMR can remove items from the OSR as well. *Id.*, Attachment 1, para. 2(d). Therefore, if you uphold the LOR, and later rescind it based on updated guidance, or an outcome of the Court proceeding, you do not have the authority to remove it from other collateral effects. Therefore, your decision here will have lasting harm to 2d Lt Poffenbarger's career that you simply cannot later change.

    f. An LOR for an officer also requires establishing an Unfavorable Information File. *See* AFI 36-2907, *Adverse Administrative Actions*, para. 3.2.4.4. The file will be maintained for two years unless removed early. AFI 36-2907, Table 3.2, Rule 4.

5. **LETTERS OF REPRIMAND.** AFI 36-2907 is your touchstone and guide on administrative actions, and it outlines a policy that "[a]dverse administrative actions are intended to improve, correct, and instruct subordinates who violate established Air Force standards whether on or off duty." AFI 36-2907, para. 1.1.

    a. Additionally, "[m]isconduct generally should be addressed at the lowest possible level, as soon as possible, to ensure an Airman's career is not negatively affected unnecessarily."
AFI 36-2907, para. 1.1. Sir, you are tasked to consider "primarily … two factors: the nature of the incident, and the previous disciplinary record of the Airman. In deciding what type of action to take, consider the seriousness of the Airman's departure from established standards."
AFI 36-2907, para. 1.1.

    b. "These tools are corrective in nature, not punitive." AFI 36-2907, para. 1.1.1. The goal of the paperwork is to provide guidance to airmen to correct behavior, to help them to conform with Air Force and command expectations.

    c. Each administrative action, from counselings to reprimands, must include bear minimum requirements outlined in AFI 36-2907, to include: what the member did wrong, any improvements expected, further deviation may result in more severe action, at least three duty days to submit a response, and attachments of what documents the failure. AFI 36-2907, para. 2.4.2, et seq. Specifically, "[LORs] will include and list as attachments: relevant statements, portions of investigations, and reports, and other documents that serve, in part or in whole, as the basis for the

letter." *Id.*, para. 2.4.2.6.  Additionally, this letter must be maintained with the record of the LOR. *Id.*, para. 2.4.4.

    d. "The … LOR issuing authority, after considering any comments submitted by the individual, should inform the member within 3 duty days of their decision as to the final disposition of the action." Id., para. 2.4.3.  However, there is no requirement as to when the issuing authority should make their decision.

    e. There are processes for issuing reserve members paperwork.  Generally, it simply changes the timelines from three calendar days, to forty five calendar days. *Id.*, paras. 2.4.2.4. and 2.4.3.  ("ARC members not in an active duty status, who depart the duy area prior to the 3 duty days allowed for acknowledging intended actions, have 45 calendar days from the date of receipt to acknowledge the intended action and provide pertinent information before the commander makes the final decision.")

6. **COVID-19 VACCINATION ORDER**.

    a. On 24 August 2021, the Secretary of Defense declared:

> I have determined that mandatory vaccination against coronavirus disease 2019 (COVID-19) is necessary to protect the Force and defend the American People
>
> Mandatory vaccinations are familiar to all of our Service members, and mission-critical inoculation is almost as old as the U.S. military itself.  Our administration of safe, effective COVID-19 vaccines has produced admirable results to date, and I know the Department of Defense will come together to finish the job, with urgency, professionalism, and compassion.
>
> I therefore direct the Secretaries of the Military Departments to immediately begin full vaccination of all members of the Armed Forces under DoD authority on active duty or in the Ready Reserve, including the National Guard, who are not fully vaccinated against COVID-19.
>
> Service members are considered fully vaccinated two weeks after completing the second dose of a two-dose COVID-19 vaccine or two weeks after receiving a single dose of a one-dose vaccine. Those with previous COVID-19 infection are not considered fully vaccinated.
>
> Mandatory vaccination against COVID-19 will only use COVID-19 vaccines that receive full licensure from the Food and Drug Administration (FDA), in accordance with FDA-approved labeling and guidance. Service members voluntarily immunized with a COVID-19 vaccine under FDA Emergency Use Authorization or World Health Organization Emergency Use Listing in accordance with applicable dose requirements prior to, or after, the establishment of this policy are considered fully vaccinated.
>
> …
>
> Mandatory vaccination requirements will be implemented consistent with DoD Instruction 6205.02, "DoD Immunization Program," July 23, 2019 … The

>> Under Secretary of Defense for Personnel and Readiness may provide further guidance to implement and comply with FDA requirements or Centers for Disease Control and Prevention recommendations.

SECDEF Memo, *Mandatory Coronavirus 2019 Vaccination of Department of Defense Service Members*, dtd 24 August 2021.

   b. On 3 September 2021, the Secretary of the Air Force further directed:

>> Effective immediately, commanders in the Department of the Air Force shall take all steps necessary to ensure all uniformed Airmen and Guardians receive the COVID-19 vaccine, which includes issuing unit-wide and individual orders to the military members … Unless exempted … [all members] will be fully vaccinated by 2 December 2021.

>> Only COVID-19 vaccines that receive full licensure from the Food and Drug Administration (FDA) will be utilized for mandatory vaccinations unless a member volunteers to receive a vaccine that has obtained U.S. Food and Drug Administration End Use Authorization or is included in the World Health Organization's Emergency Use Listing. Individuals with previous COVID-19 infection or positive serology are not considered fully vaccinated and are not exempt.

SECAF Memo, *Mandatory Coronavirus Disease 2019 Vaccination of Department of Air Force Military Members*, dtd 3 September 2021.

   c. On 1 November 2021, Major General Pennington allegedly ordered 2d Lt Poffenbarger to get vaccinated. The order apparently included direction to receive the Pfizer COVID-19 vaccine as outlined in the LOR.

   d. To date, the only COVID-19 vaccine that has received full FDA licensing is the COMIRNATY vaccine.[3] The Pfizer vaccine, referenced in the LOR and the 1 November 2021 order, has not received approval from the FDA and continues to be used under an emergency use authorization (EUA), which is separate and distinct from approval.

   e. SECDEF directed that the Under Secretary for Personnel and Readiness was authorized explicitly to provide further guidance to comply with FDA requirements. Notwithstanding, the ASD(HA) Affairs issued updated guidance regarding the Pfizer vaccine:

>> Consistent with FDA guidance, DoD health care providers will use both the Pfizer-BioNTech COVID-19 vaccine and the Comirnaty COVID-19 vaccine

---

[3] Available at: https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/comirnaty-and-pfizer-biontech-covid-19-vaccine

On 31 January 2022, the FDA approved the Moderna (Spikevax) COVID-19 vaccine. Available at: https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/spikevax-and-moderna-covid-19-vaccine. However, the vaccine must be licensed and the individual vial produced, labeled, and available under the full license and not the EUA. Therefore, this is not yet available to service members at the 445 AW. See paragraph 4(h) below).

interchangeably for the purpose of vaccinating Service members in accordance with Secretary of Defense Memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members," August 24, 2021.

Acting ASD(HA) Memo, *Mandatory Vaccination of Service Members using the Pfizer-BioNTech COVID-19 and Comirnaty COVID-19 Vaccines*, undated, signed 14 September 2021. This appears to be based in part on FDA determinations that the vaccines, "when prepared according to their respective instructions for use, can be used interchangeably without presenting any safety or effectiveness concerns. The products are legally distinct with certain differences that do not impact safety or effectiveness." FDA, *Q&A for Comirnaty (COVID-19 Vaccine mRNA)*, Question: Is Comirnaty interchangeable with other COVID-19 vaccines?[4]

f. The ASD(HA) is an advisor to the USD(P&R), but is not the same office. *See* DoDD 5136.07, *Assistant Secretary of Defense or Health Affairs (ASD(HA))*, para. 3(a). The ASD(HA)'s role includes providing "authority, direction, and control over the DoD medical and dental personnel authorization and policy …." *Id.*

g. On 7 December 2021, SECAF issued updated guidance on COVID-19 Vaccinations. SECAF Memo, *Supplemental Coronavirus Disease 2019 Vaccination Policy*, dtd 7 December 2021. Regardless of status, this memorandum directs members to be fully vaccinated. It does not, however, provide further details on the COVID-19 vaccines available and which are required.

h. AFI 48-110, *Immunizations and Chemoprophylaxis for the Prevention of Infections Diseases*, governs Air Force immunization policy. Generally, pre-existing testing can be used to reduce unnecessary vaccination. *Id.*, para. 2-1(g). Immunizations should generally be in accordance with Attachment D of this guidance. *Id.*, para. 3-2(a). Vaccinations can be from EUAs, but require more than simple EUA authorization from the FDA. *Id.*, paras. 8-1 and 8-2. 10 U.S.C. § 1107A restricts emergency use vaccinations and requires a waiver by the President. No such presidential waiver has been executed to date. EUAs also require specific labeling of the product so while a product may later be authorized, if it is still labeled as authorized under a EUA it is not considered a fully licensed dose of that. *See generally* 21 U.S.C. § 360bbb-3(a)-(c).

7. COVID-19 vaccination requirements continue to be the subject of ongoing litigation; including military members as it relates to religious accommodation requests.

a. As of 22 December 2021, the Air Force has not granted a single religious accommodation requests, but continues to grant other exemptions.[5] The same public article directs "Based on the number of disapproved accommodation requests at this point, Airmen and Guardians are encouraged to consider that operational requirements could result in requests for religious accommodations being denied."[6]

---

[4] Available at: https://www.fda.gov/vaccines-blood-biologics/qa-comirnaty-covid-19-vaccine-mrna

[5] *DAF processes religious accommodations requests*, Secretary of the Air Force Public Affairs, Published 22 December 2021. Available at: https://www.af.mil/News/Article-Display/Article/2882742/daf-processes-religious-accommondation-requests/

[6] *Id.*

    b. There are multiple Federal court cases that are ongoing including one involving members of Wright-Patterson AFB.[7] No single case has reached a verdict on the vaccine order on military members, or religious accommodation requests denials. However, we have received some rulings that paint possible futures. While the Court's decisions are not always binding or legally limiting at this time, the analysis or discussion can be helpful to understand potential issues or future decisions. The courts routinely express concern with the treatment of religious accommodation requests, and their necessity given the large percentage of service members are now vaccinated achieving herd immunity, and at times allowing service members to continue to report to work and complete the mission while unvaccinated. This seems to run counter to the idea that military necessity requires that they be vaccinated.

    (1) On 15 February 2022, a judge also granted an injunction to prevent the Air Force from taking action against an unnamed officer. Attachment 2. The Court determined the Air Force has only granted 0.24% of more than 4,000 religious accommodation requests at the time of the Court's ruling. Attachment 2, page 2, note 3; see also page 25 ("Moreover, one must keep in mind that the Air Force has rejected 99.76% of all religious accommodation requests, and until about two weeks ago, it had rejected every single one it "carefully consider[ed].") While this does not apply at large to all Air Force members, it does clearly indicate a trend in recent opinions expressing concern about the mandate and the choice between receiving a vaccine, against sincerely held religious beliefs, or terminating service. *Id.*, page 21 ("That is exactly the choice Plaintiff alleges the Air Force 'forced' her to make—either 'abandon[] one of the precepts of her religion' or abandon 'her livelihood.'")

    (2) On 17 February 2022, a judge granted an injunction preventing the Navy from taking similar actions. The Judge determined the services had "manifestly [failed] to offer the statutorily[, of the Religious Freedom Restoration Act,] required demonstration that no less restrictive means is available ...." Attachment 3, page 2 - 3. This order prevents both enforcement of the COVID vaccine mandate on the named plaintiffs, but also any adverse action against them. *Id.*, page 47.

    (3) Recently, a court opined concern with the DoD assertion that Pfizer vaccines are interchangeable with Comirnaty vaccines. The Court articulated concerns about the labeling and production of the newly approved Comirnaty vaccine vice already produced and distributed Pfizer EUA vaccines. Attachment 4, pages 13 – 15. The Court found unconvincing a DoD argument that the Pfizer vaccines are the same product as Comirnaty and provided as a licensed product as opposed to an EUA.

    (4) On 3 January 2022, a judge did grant an injunction which prevented the Navy from taking any administrative action against 26 marine members based on their refusal to get the Covid vaccine. Attachment 4. The Court determined that given the large percentage of military members vaccinated, the ability to continue to complete military duties while unvaccinated, possible administrative actions even if the members remain unvaccinated, and active exemptions for non-religious reasons there are alternatives to a military vaccine mandate that puts stresses on religious freedom. *See* Attachment 5, pages 17 – 19. Moreover, from the 7 December 2021 SECAF memo it is clear that just as in this case (*see* Attachment 2, pages 23 – 24)
2d Lt Poffenbarger is facing immediate harm as she will likely be considered for involuntary transfer to the Individual Ready Reserve based on the 7 December 2021 SECAF memo.

---

[7] https://www.daytondailynews.com/local/eleven-wright-patterson-officers-sue-air-force-over-vaccine-exemption-denial/YSUMR6HRGZBAVOLSNCZSRABYCE/

7. Please delay making a final decision until after clear action from the ongoing Federal court case. As you consider what action is appropriate please carefully consider 2d Lt Poffenbarger's conduct, the offense, and what effect on his career you want to have. By choosing not to act at this time, you maintain the ability to effectuate your decision after a clear court decision, without making extreme harm to 2d Lt Poffenbarger's career that frankly you cannot remedy if you later decide to. These tools are meant to be corrective as opposed to punishment. A Letter of Reprimand requires a number of these collateral actions where other tools available to you would not. I am happy to discuss this further. It is within your discretion as commander to determine what level is appropriate as you consider the nature of the incident and 2d Lt Poffenbarger's record as an Airman.

8. Sir, thank you for considering this letter as you weigh what action is appropriate in this case. I am happy to discuss these items further at your convenience. Please contact me at 937-257-7841 (DSN 787-7841) or matthew.snell.1@us.af.mil.

MATTHEW J. SNELL, CAPT, USAF
Area Defense Counsel

5 Attachments:
1. Entry and Order Granting, In Part, Plaintiff's Motion for a Preliminary Injunction (DOC. No. 2) and Issuing a Preliminary Injunction, Judge Thomas M. Rose, *[2d Lt] Michael Poffenbarger, v. [Secretary] Frank Kendall, et al*, ordered on 28 February 2022 (41 pages).
2. Memorandum Opinion Order on Plaintiff's Motion for Preliminary Injunction, Judge Timlan E. Self, III, *Air Force Officer v. Austin, III, et al*, ordered on 15 February 2022 (32 pages).
3. Preliminary Injunction and Order, Judge Steven D. Merryday, *Navy Seal 1, et al. v. [Secretary] Lloyd Austin, et al*, District Court for the Middle District of Florida, ordered on 17 January 2022 (48 pages).
4. *Order Denying Preliminary Injunctions Motions*, Judge Allen Wisnor, *Doe v. Austin*, District Court for the Northern District of Florida Pensacola Division, ordered on 12 November 2021 (32 pages).
5. *Order on Preliminary Injunction*, Judge Reed O'Connor, *U.S. Navy Seals 1 – 26, et al. v. [President] Joseph R. Biden, Jr., et al*, District Court for the Northern District of Texas Fort Worth Division, ordered on 3 January 2022 (26 pages).

3rd Ind, 445 AW/CC

MEMORANDUM FOR 2Lt Michael Poffenbarger

1. (I have considered the response you submitted on ~~28 feb 2022~~) (You waived your right to submit a response to this action.)

2. I have decided to (~~withdraw the Letter of Reprimand~~) (sustain the Letter of Reprimand) (~~reduce the Letter of Reprimand to a Letter of Admonishment/counseling~~) (and will file this action in a UIF).

RAYMOND A. SMITH, JR., Colonel, USAF
Commander

4th Ind, 2Lt Michael Poffenbarger

MEMORANDUM FOR 445 AW/CC

I acknowledge that on_____you advised me that you had considered the matters submitted by me in response to the above reprimand and informed me of your final decision regarding the same.

MICHAEL POFFENBARGER, 2Lt, USAF