# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# DAYTON DIVISION

| | |
|---|---|
| **MICHAEL POFFENBARGER,** *Plaintiff*, v. **FRANK KENDALL,** *et al.*, *Defendants*. | No. 3:22-cv-1-TMR-SLO |

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Frank Kendall, in his official capacity as Secretary of the Air Force, Lieutenant General Robert Miller, in his official capacity as Surgeon General of the Air Force, Lieutenant General Richard Scobee, in his official capacity as Commander of the Air Force Reserve Command, Major General Jeffrey Pennington, in his official capacity as Commander of the 4th Air Force, Lieutenant Colonel Christopher Kojak, in his official capacity as Commander of the 445th OSS, Colonel Raymond Smith, in his official capacity as Commander of the 445th Airlift Wing, and the United States of America (collectively, "Defendants"), by and through undersigned counsel, hereby answers the Amended Complaint (Doc. No. 38) ("Amended Complaint") filed by Plaintiff Michael Poffenbarger on March 23, 2022, as follows, in correspondingly numbered paragraphs:

1. The first sentence of this paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in the first sentence of this paragraph are denied. The allegations in the second sentence of this

1

paragraph that Plaintiff submitted a request for a religious exemption to the Air Force's COVID-19 vaccination requirement in 2021 are admitted; the allegations in the second sentence of this paragraph are otherwise denied. The allegations in the third sentence of this paragraph are denied, and Defendants aver that Plaintiff's request was reviewed and routed through the chain of command for endorsements and recommendations pursuant to the procedure set out in Department of Air Force Instruction ("DAFI") 52-201. The allegations in the fourth sentence of this paragraph that Plaintiff was interviewed by a chaplain are admitted; the allegations in the fourth sentence of this paragraph are otherwise denied and Defendants aver that the interview with the chaplain interview addresses the type of request, the sincerity of an asserted religious or moral/conscience belief, any substantial burden imposed by the policy in question on a sincere religious practice, and potential alternative means of accommodating the practice, and the substantial burden. The fifth sentence of this paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in the fifth sentence of this paragraph are denied, and Defendants aver that the chaplain's role is described in the declaration of Major Matthew Streett, Doc. No. 22-13, and in DAFI 52-201, which is attached to the Streett declaration.

2. The first sentence of this paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in the first

sentence of this paragraph are denied. Defendants further aver that the Air Force has approved religious accommodation requests. The allegations in the second sentence of this paragraph that the Air Force has approved medical and administrative exemptions to the Air Force's COVID-19 vaccination requirement are admitted; the allegations in the second sentence of this paragraph are otherwise denied, and Defendants aver that medical and administrative exemptions are described in the declarations of Colonel Artemio Chapa, Doc. No. 22-12, Colonel James Poel, Doc. No. 22-19, and Lieutenant Colonel Nekitha Little, Doc. No. 22-16. The allegations in the third and fourth sentences of this paragraph are admitted.

3. Admitted.

4. The allegations in the first sentence of this paragraph are admitted. The second sentence of this paragraph consist of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in the second sentence of this paragraph are denied.

5. This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

6. This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

7. The allegations in this paragraph purport to characterize an exhibit to Plaintiff's complaint, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the exhibit, this paragraph is denied. Defendants respectfully refer the Court to the cited

exhibit for a full and accurate statement of its contents.

8. Admitted that Plaintiff sought a religious exemption from the Air Force's COVID-19 vaccination requirement. The remaining allegations in this paragraph contain legal argument and conclusions of law, to which no response is required, and purport to characterize a Department of Defense Instruction, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the Department of Defense Instruction, this paragraph is denied. Defendants respectfully refer the Court to the cited Department of Defense Instruction for a full and accurate statement of its contents.

9. Admitted.

10. The allegations in this paragraph purport to characterize an exhibit to Plaintiff's complaint, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the exhibit, this paragraph is denied. Defendants respectfully refer the Court to the cited exhibit for a full and accurate statement of its contents.

11. Admitted that Plaintiff's religious accommodation request was sent to Lieutenant General Richard Scobee, who is the Commander of the Air Force Reserve Command. The remaining allegations in this paragraph contain legal argument and conclusions of law, to which no response is required.

12. The allegations in this paragraph purport to characterize an exhibit to Plaintiff's complaint, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the exhibit, this paragraph is denied. Defendants respectfully refer the Court to the cited exhibit for a full and accurate statement of its contents.

13. The allegations in the first sentence of this paragraph purport to characterize an exhibit to Plaintiff's complaint, which speaks for itself. To the extent that Plaintiff's allegations are

inconsistent with the exhibit, this paragraph is denied. Defendants respectfully refer the Court to the cited exhibit for a full and accurate statement of its contents. The allegations in the second sentence of this paragraph that Lieutenant General Richard Scobee has approved medical and administrative exemptions is denied and Defendants aver that medical and administrative exemptions are described in the declarations of Colonel Artemio Chapa, Doc. No. 22-12, Colonel James Poel, Doc. No. 22-19, and Lieutenant Colonel Nekitha Little, Doc. No. 22-16, and in the memorandum from the Secretary of the Air Force dated December 7, 2021, Doc. No. 22-8. The third and fourth sentences of this paragraph consist of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. They do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in the third and fourth sentences of this paragraph are denied.

14. The allegations in this paragraph purport to characterize an exhibit to Plaintiff's complaint, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the exhibit, this paragraph is denied. Defendants respectfully refer the Court to the cited exhibit for a full and accurate statement of its contents.

15. The allegations in this paragraph purport to characterize an exhibit to Plaintiff's complaint, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the exhibit, this paragraph is denied. Defendants respectfully refer the Court to the cited exhibit for a full and accurate statement of its contents.

16. To the extent the allegations in this paragraph purport to characterize three news articles, Defendants respectfully refer the Court to the cited articles for a full and accurate statement

5

of their contents. Otherwise, the allegations in this paragraph are denied except to admit that a service member who refuses to follow a lawful order without an approved or pending exemption may be subject to the initiation of discharge proceedings.

17. To the extent the allegations in the first sentence of this paragraph purport to characterize a news article, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents. Otherwise, Defendants admit that the Air Force has approved medical or administrative exemptions but deny the remainder of the first sentence of this paragraph (to the extent a response is required), which consists of Plaintiff's opinions and argument rather than facts and therefore does not require a response. Defendants further aver that medical and administrative exemptions are temporary in nature and have been dropping as the temporary exemptions expire and/or as service members leave the service. The second sentence of this paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in the second sentence of this paragraph are denied.

18. The allegations in this paragraph purport to characterize an exhibit to Plaintiff's complaint, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the exhibit, this paragraph is denied. Defendants respectfully refer the Court to the cited exhibit for a full and accurate statement of its contents.

19. The allegations in this paragraph purport to characterize an exhibit to Plaintiff's complaint, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the exhibit, this paragraph is denied. Defendants respectfully refer the Court to the cited

exhibit for a full and accurate statement of its contents. Additionally, the third sentence of this paragraph consists of Plaintiff's opinions and argument rather than facts. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in the third sentence of this paragraph are denied.

20. Denied.

21. Denied.

22. This paragraph consists of Plaintiff's characterization of his religious beliefs, with respect to which Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. The allegations in this paragraph additionally consist of Plaintiff's characterization of this action and Plaintiff's opinions, argument, and conclusions of law rather than facts, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

23. This paragraph consists of Plaintiff's characterization of this action and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations of this paragraph are denied. Defendants further aver that medical and administrative exemptions are described in the declarations of Colonel Artemio Chapa, Doc. No. 22-12, Colonel James Poel, Doc. No. 22-19, and Lieutenant Colonel Nekitha Little, Doc. No. 22-16.

24. This paragraph consists of Plaintiff's characterization of this action and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required,

the allegations of this paragraph are denied. Defendants further aver that it is not appropriate to compare HIV to COVID-19 for the reasons set forth in the declaration of Colonel James Poel, Doc. No. 22-19.

25. Denied. Defendants further aver that information on the effectiveness of the COVID-19 vaccines and purpose of the vaccination program is set forth in the declarations of Colonel Tonya Rans, Doc. No. 22-10 and Colonel James Poel, Doc. No. 22-19.

26. This paragraph consists of Plaintiff's characterization of this action and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations of this paragraph are denied.

27. This paragraph consists of Plaintiff's characterization of this action and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations of this paragraph are denied.

28. This paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied.

29. Defendants incorporate by reference the answers set forth in paragraphs 1 through 28 of this Answer as if fully set forth herein.

30. This paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. This paragraph also consists of an unclear sentence fragment. It does not set forth a claim for relief or aver

facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied.

31. This paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied.

32. This paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied.

33. This paragraph consists of Plaintiff's request for this Court to certify a class action. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied, and Defendants further aver that no class should be certified in this case.

34. Defendants incorporate by reference the answers set forth in paragraphs 1 through 33 of this Answer as if fully set forth herein.

35. The allegations in this paragraph purport to quote a statute, which speaks for itself, and constitute a statement of law. To the extent a response is required, and to the extent that Plaintiff's allegations are inconsistent with the statute, this paragraph is denied. Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

36. The allegations in this paragraph purport to quote a statute, which speaks for itself, and constitute a statement of law. To the extent a response is required, and to the extent that

Plaintiff's allegations are inconsistent with the statute, this paragraph is denied. Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

37. This paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied.

38. The allegations in this paragraph purport to quote a statute, which speaks for itself, and constitute a statement of law. To the extent a response is required, and to the extent that Plaintiff's allegations are inconsistent with the statute, this paragraph is denied. Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

39. This paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied. Furthermore, the allegations in this paragraph purport to characterize a judicial opinion, which speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the judicial opinion, this paragraph is denied. Defendants respectfully refer the Court to the cited judicial opinion for a full and accurate statement of its contents.

40. This paragraph consists of Plaintiff's characterization of this action, Plaintiff's legal argument and conclusions of law, and Plaintiff's requested relief. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the

extent a response is required, the allegations in this paragraph are denied and Defendants further aver that Plaintiff is not entitled to any relief.

41. This paragraph consists of Plaintiff's characterization of this action, Plaintiff's legal argument and conclusions of law, and Plaintiff's requested relief. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied and Defendants further aver that Plaintiff is not entitled to any relief.

42. Defendants incorporate by reference the answers set forth in paragraphs 1 through 41 of this Answer as if fully set forth herein.

43. This paragraph sets forth Plaintiff's legal argument and conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. Furthermore, the allegations in this paragraph purport to characterize judicial opinions, which speak for themselves. To the extent that Plaintiff's allegations are inconsistent with the judicial opinions, this paragraph is denied. Defendants respectfully refer the Court to the cited judicial opinions for a full and accurate statement of their contents.

44. This paragraph consists of Plaintiff's opinions rather than facts, Plaintiff's characterization of this action, and Plaintiff's legal argument and conclusions of law. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied.

45. This paragraph consists of Plaintiff's characterization of this action, Plaintiff's legal argument and conclusions of law, and Plaintiff's requested relief. It does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, the allegations in this paragraph are denied and Defendants

further aver that Plaintiff is not entitled to any relief.

The remaining paragraphs of the Amended Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Amended Complaint and further aver that Plaintiff is not entitled to any relief.

Defendants hereby deny all allegations in the Amended Complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

Without waiving, limiting, or modifying the foregoing, Defendants assert the following affirmative defenses:

1. Defendants' actions are neutral and of general application under the First Amendment.

2. Defendants' actions are in furtherance of compelling governmental interests, including interests in military readiness, health and safety of the force, and good order and discipline; and are the least restrictive means of furthering those compelling governmental interests, including because other alternatives are not as effective.

3. Any claim depending in part or in whole on a challenge to any assignment, training, or duty decision(s) by Defendants is not justiciable, and corresponding relief is not available. *See, e.g.*, *Orloff v. Willoughby*, 345 U.S. 83 (1953).

4. Defendants reserve the right to assert any affirmative defense, including those in Federal Rule of Civil Procedure 8(c), not currently known, which it may have or through discovery learn may be applicable.

Dated: April 6, 2022
      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

<u>*/s/ Catherine M. Yang*</u>
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
LIAM HOLLAND
CASSANDRA SNYDER
CATHERINE M. YANG
Trial Attorneys
Department of Justice, Federal Programs Branch
1100 L Street, N.W., Washington, DC 20005
Tel: (202) 514-4336
Email: catherine.m.yang@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

<u>/s/ Catherine M. Yang</u>
CATHERINE M. YANG
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4336
Fax: (202) 616-8470
Email: catherine.m.yang@usdoj.gov
