# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO (at Dayton)

| | | |
|---|---|---|
| Michael Poffenbarger | : | Case No. 3:22-cv-00001 |
| Plaintiff | : | |
| v. | : | |
| Frank Kendall, et. al. | : | |
| Defendants | : | |

## RULE 26(F) REPORT

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on May 10, 2022, and was attended by:

   **Thomas Bruns, Christopher Wiest, and Wendy Cox for Plaintiff**;

   **Andrew Carmichael and Catherine Yang for Defendants.**[1]

2. This case involves Plaintiff's allegations of RFRA and First Amendment violations concerning the denial of a religious accommodation to the Air Force's COVID-19 vaccine mandate. Defendants' defenses include that Plaintiff has not met his burden under RFRA of showing a sincerely held religious belief that is substantially burdened by the Air Force's vaccination requirement; that the Air Force has compelling interests in Plaintiff's vaccination and no less restrictive means further those interests equally well; that the Air Force's vaccination requirement does not violate the First Amendment; and that Plaintiff's claims depending in part or in whole on a challenge to any assignment, training, or duty decision(s) by the Air Force is not justiciable.

3. The parties do not anticipate the joinder of additional parties or the filing of amended pleadings, but any joinder or amendment shall occur by **July 1, 2022**.

4. As set forth below in paragraph 5, Defendants contend that this case is exempt from initial disclosures, but the parties agreed to exchange their initial disclosures by **May 31, 2022**.

---

[1] Senior Trial Counsel Andrew Carmichael is unable to attend the May 25, 2022 Preliminary Pretrial Conference due to a prescheduled surgery that day. Catherine Yang, who appeared at the previous hearing in this action, will attend the Preliminary Pretrial Conference on behalf of Defendants. Mr. Carmichael will continue to represent Defendants in this matter.

    5.      The parties set forth their respective positions regarding discovery generally as follows:

    i.      Plaintiff intends to conduct written discovery and take depositions of relevant witnesses related to his claims (liability and damages) and the defenses alleged by Defendants. Plaintiff contends that this is not a matter limited to the administrative record, and that administrative review under the APA is not appropriate, under the plain language of 42 USC 2000bb-1(c) and cases interpreting it. *S. Fork Band Council of W. Shoshone of Nev. v. United States DOI*, 2009 U.S. Dist. LEXIS 3664 (D.Nev. 2009); *Navy Seal 1 v. Austin*, 2022 U.S. Dist. LEXIS 31640 (MDFL 2022) (administrative exhaustion not required); *Nat'l Capital Presbytery v. Mayorkas*, 2021 U.S. Dist. LEXIS 201353 (DDC 2021); *O Centro Espirita Beneficiente Uniao Do Vegetal in the United States v. Duke*, 286 F. Supp. 3d 1239 (DNM 2017); *Northern Arapaho Tribe v. Ashe*, 925 F. Supp. 2d 1206 (D. Wyoming 2012). And Plaintiff objects to any delay in discovery.

      Defendants' position is that discovery should not, and need not, occur unless and until Plaintiff makes the necessary showing for discovery under Fed. R. Civ. P. 56(d) and after Defendants' production of the administrative record for Plaintiff's religious exemption request. *See* Fed. R. Civ. P. 26(a)(1)(B), 26(f)(1) (exempting administrative record cases from Rule 26 requirements); 5 U.S.C. § 706(2)(B) (constitutional claims under the APA); *Harkness v. Sec'y of the Navy*, 858 F.3d 437, 449 (6th Cir. 2017) (upholding district court's decision not to permit discovery beyond the administrative record in a case involving Navy Chaplain's claims of religious discrimination); *Harvard Pilgram Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004); *Ala.-Tombigbee Rivers Coal v. Norton*, 2002 WL 227032, at *5-6 (N.D. Ala. Jan. 29, 2002). To that end, Defendants propose to file the administrative record for Plaintiff's religious exemption request and move for summary judgment by July 1, 2022, in response to which Plaintiff may request specific discovery that he believes necessary under Fed. R. Civ. P. 56(d). To the extent discovery proceeds, Defendants intend to conduct written discovery and depositions relating to Plaintiff's claims (liability and damages).

    ii.      Plaintiff's position is that discovery can and should be commenced immediately, and, as this case is not terribly complex, there is no need to tier discovery.

      As set forth above in paragraph 5, Defendants' position is that discovery should not, and need not, occur unless and until Plaintiff makes the necessary showing for discovery under Fed. R. Civ. P. 56(d) and after Defendants' production of the administrative record for Plaintiff's religious exemption request, as this approach would streamline the litigation and target the issues needed to facilitate resolution of this action on its merits. Should any discovery be necessary, Defendants agree that there is no need to conduct discovery in phases.

6. To the extent discovery proceeds, and without prejudice to Defendants' position set forth in paragraph 5, the parties propose the following deadlines and limits:

    i. The limits contained in the Federal Rules of Civil Procedure and the Local Rules for maximum number of interrogatories, request for admission, and/or depositions are adequate for this case. The parties agree that depositions shall be at dates, times, and places that are mutually convenient to the deponent, counsel, and parties, within the limits set forth in the Federal Rules of Civil Procedure, and that the parties shall provide notice of any deposition not less than 14 days prior to the scheduled date of the deposition.

    ii. Plaintiff shall serve any expert disclosures under Fed. R. Civ. P. 26(a)(2) by **September 16, 2022**; Defendants shall serve any expert disclosures under Fed. R. Civ. P. 26(a)(2) within **45 days** of Plaintiff's disclosures; and Plaintiff shall serve any rebuttal expert report within **14 days** of Defendants' disclosures.

    iii. Discovery shall be concluded by **December 9, 2022**.

    iv. Rule 26(e) supplementation shall be completed by **December 9, 2022**.

    v. To the extent the claims in this case are not resolved by early summary judgment, the parties shall file any dispositive motions by **January 17, 2023**.

7. The parties acknowledge their respective obligations to retain and preserve documents, information, and things (including electronically stored information) relevant to the claims and defenses in this action.

8. The parties agree to produce electronically stored information (ESI) in PDF format and agree to confer about reasonable requests related to particular documents if PDF format is insufficient. The parties shall produce documents and ESI by file transfer server.

9. The inadvertent production of a privileged or protected document shall be governed by Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502. The inadvertent production of a privileged or protected document does not constitute a waiver of that privilege and/or protection if the disclosing party identifies the inadvertently disclosed documents within a reasonable time. Upon such identification, the receiving party will cease review of the inadvertent production and promptly destroy or return such documents to the disclosing party.

10. The parties agree to serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) within 14 days of any document production or interrogatory response, unless otherwise agreed. The privilege log shall identify (a) the date of the privileged information; (b) the author(s) of the privileged information; (c) the recipient(s) of the privileged information; (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege. The parties agree that they shall not seek discovery of documents created after the filing of Plaintiff's administrative claim that are privileged because they are sent solely between counsel for a party, or because they are sent between a party and that party's counsel, or because they were generated at the direction of counsel or reflect counsel's attorney work product. If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log.

11. Settlement may be possible in this matter. If the parties reach a point where they believe that their discussions may be aided by a settlement conference, they will arrange to schedule such a conference at a time convenient for the Court.

12. Probable trial length: this matter can be tried in four days.

13. The parties **do not** unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (90725)
25 Town Center Blvd, STE 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com
*Attorney for Plaintiffs*


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

/s/ Catherine M. Yang_____
ANDREW E. CARMICHAEL
Senior Trial Counsel
CATHERINE M. YANG
Trial Attorney
Department of Justice, Federal Programs Branch
1100 L Street NW, Washington DC 20005
Tel: (202) 514-4336
Email: catherine.m.yang@usdoj.gov
*Attorneys for Defendants*

-5-

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on all parties and counsel, via filing in the Court's CM/ECF system, which provides service upon all parties, this 12th day of May, 2022.

/s/ Christopher Wiest_____
Christopher Wiest (90725)
