# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MICHAEL POFFENBARGER, | Case No. 3:22-cv-1 |
| Plaintiff, | District Judge Thomas M. Rose |
| | Magistrate Judge Caroline H. Gentry |
| vs. | |
| FRANK KENDALL, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY (DOC. NO. 44) AND DENYING DEFENDANTS' MOTION REGARDING SCOPE OF DISCOVERY (DOC. NO. 45)**

This matter came before the undersigned Magistrate Judge on Plaintiff's Motion to Conduct Discovery ("Plaintiff's Motion," Doc. No. 44) and Defendants' Motion Regarding Scope of Discovery ("Defendant's Motion," Doc. No. 45). For the reasons set forth below, Plaintiff's Motion is GRANTED and Defendant's Motion is DENIED.

**I. FACTS**

Plaintiff Michael Poffenbarger is a reservist in the United States Air Force (the "Air Force") who is stationed at Wright-Patterson Air Force Base. In this lawsuit, Poffenbarger challenges the denial of his request for a religious exemption to the Air Force's COVID-19 vaccine mandate. He asserts claims under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, and the Free Exercise Clause of the First Amendment to the United States Constitution. Defendants are the United States of America and six individuals who are sued in their official capacity.

1

Poffenbarger filed an emergency motion for temporary restraining order and preliminary injunction. (Doc. No. 2.) The Court issued a limited preliminary injunction that enjoins Defendants from taking any further adverse action against Poffenbarger until the merits can be decided. (Doc. No. 32, PageID #1224.) Significantly, the Court found "at this stage of the litigation and based on what has been presented, Poffenbarger has shown a strong likelihood of success on the merits of his claims." (*Id.*, PageID #1198.)

The parties subsequently filed a Rule 26(f) report that outlines their contradictory positions on the scope of discovery. (Doc. No. 43.) At the Court's instruction, the parties filed simultaneous motions and responses regarding the scope of discovery.

In sum, Poffenbarger seeks to conduct discovery in accordance with the Federal Rules of Civil Procedure. Defendants admit that he has a right to conduct discovery but seek to stay discovery until the Court decides their forthcoming motion for summary judgment, which they represent will be based upon the administrative record. Because a stay of discovery is not warranted in these circumstances, the Court denies Defendants' Motion and grants Plaintiff's Motion.

## II. LEGAL STANDARD

### A. Scope of Discovery

This Court has broad discretion over the discovery process, including the scope of discovery. *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

The general rule is that "parties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense ***and proportional*** to the needs of

the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Because courts construe relevance broadly, the scope of discovery under Rule 26(b)(1) is usually quite broad. *Luxottica of Amer., Inc. v. Allianz Global Risks US Ins. Co.*, No. 1:20-cv-698, 2022 U.S. Dist. LEXIS 73650, *3 (S.D. Ohio Apr. 22, 2022) (citing *Lewis*, 135 F.3d at 402). But the scope of discovery may be limited by the principle of proportionality, which is determined by "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In addition to limiting discovery based on proportionality, the Court may limit discovery "where the information sought is overly broad or would prove unduly burdensome to produce," among other objections. *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). *See* Fed. R. Civ. P. 26(c)(1) (allowing a party who believes that requested discovery will cause annoyance, embarrassment, oppression, undue burden, or undue expense to file a motion for protective order).

B. **Motions to Stay Discovery**

This Court's broad discretion over the discovery process includes the "inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

Stays of discovery are generally disfavored. The party requesting the stay hopes that intervening events will limit or eliminate discovery and the concomitant time, hassle and expense. However, the party opposing the stay has a compelling interest in being

permitted to utilize the Federal Rules of Civil Procedure and move the case to a just and timely conclusion. This compelling interest usually outweighs the moving party's interest in delaying discovery. *See Ohio Environ. Council v. U.S.D.C.*, 565 F.2d 393, 396 (6th Cir. 1977) (courts "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay").

In most circumstances, therefore, this Court will deny a motion to stay discovery. For example, although parties routinely seek to stay discovery while motions to dismiss are pending, these requests are typically denied. *See, e.g., Wilson v. Ancestry.Com LLC*, No. 2:22-cv-861, 2022 WL 2208817, 2022 U.S. Dist. LEXIS 110128, *3 (S.D. Ohio June 21, 2022). The mere fact that a dispositive motion is pending is also usually insufficient to justify a stay of discovery. *Ohio Valley Bank Co. v. Metabank*, No. 2:19-cv-191, 2019 WL 2170681, 2019 U.S. Dist. LEXIS 84440, *5-6 (S.D. Ohio May 20, 2019).

Certain dispositive motions do warrant a stay of discovery. This Court may stay discovery "where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem. Hosp. Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Courts also routinely stay discovery in cases involving assertions of qualified immunity, as this defense confers "a right to immunity from trial" rather than a "mere defense to liability." *Myers v. Potter*, 422 F.3d 347, 357 (6th Cir. 2005) (internal quotations and citations omitted). These cases are exceptions to the general rule disfavoring motions to stay discovery, however.

### III. ANALYSIS

Defendants concede that the Administrative Procedure Act does not govern Poffenbarger's claims. (Doc. No. 47, PageID #1440.) Nevertheless, they argue that the Court should stay discovery and decide the merits of their forthcoming motion based upon the administrative record and evidence presented in connection with the preliminary injunction proceeding. (*Id.*) Defendants contend that this approach will further judicial economy and "is also particularly appropriate given the military context of this action." (*Id.*, PageID #1441.) Defendants argue that "full-blown discovery" is inefficient and that Poffenbarger can obtain any discovery that he actually needs to oppose summary judgment by filing an affidavit or declaration under Rule 56(d). (*Id.*, PageID #1440.)

Poffenbarger argues that it would be unfair to limit the record on summary judgment to the evidence in the administrative record and submitted by Defendants in connection with the preliminary injunction hearing. (Doc. No. 46, PageID #1420.) He points out that Defendants introduced and relied upon declarations from several witnesses and he will be prejudiced if he is unable to cross-examine them. (*Id.*) He also argues that because Defendants partially bear the burden of proof for purposes of the RFRA claim, discovery is necessary to evaluate the adequacy of the Government's fact-finding procedures. (Doc. No. 44, PageID #1404.)

The Court agrees with Poffenbarger. Although Defendants have an interest in staying discovery, that interest is outweighed by Poffenbarger's compelling interest in conducting discovery and moving this case forward with all due speed, particularly given

5

the impact that the parties' dispute has had on his career in the Air Force. *Ohio Environ. Council v. U.S.D.C.*, 565 F.2d 393, 396 (6th Cir. 1977).

Further, stays of discovery are disfavored except in a few categories of cases, and this is not one of them. To the contrary, given the Court's finding that Poffenbarger has a strong likelihood of success on the merits, the Defendants' forthcoming motion for summary judgment is unlikely to raise "preliminary questions that may dispose of the case." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

Indeed, given the Court's finding about the likelihood of success on the merits, it is difficult to understand how Defendants can rely on substantially the same record and prove that the Government's actions were "the least restrictive means of furthering [a] compelling governmental interest." 42 U.S.C. § 2000b-1(b). Assuming *arguendo* that Defendants can do so, it would be unfair to limit Poffenbarger's ability to develop evidence on this issue (as well as other elements of this claim).

Defendants argue that any prejudice can be eliminated by invoking Rule 56(d). Although that rule does provide a safeguard in cases where a party files an early motion for summary judgment, it is not a substitute for discovery under the Federal Rules of Civil Procedure. There is no basis for limiting Poffenbarger's ability to conduct discovery to whatever narrow issues Defendants choose to raise in a motion for summary judgment.

Finally, although the Court recognizes that deference to the Air Force is appropriate in certain respects, the Court is unaware of any legal authority that restricts a litigant's ability to seek discovery from a military defendant with respect to a claim asserted under the RFRA.

The Court notes that if Defendants believe that certain discovery requests are overly burdensome or disproportionate, they can seek appropriate relief from this Court in accordance with the Federal Rules of Civil Procedure. This mechanism will adequately address any specific concerns that Defendants have about the scope of discovery.

## IV.  CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Conduct Discovery (Doc. No. 44) and DENIES Defendants' Motion Regarding Scope of Discovery (Doc. No. 45).

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.

**IT IS SO ORDERED.**

/s/ *Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge