**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

MICHAEL POFFENBARGER,                    :
                                          :
              Plaintiff,                  :     Case No. 3:22-cv-1
                                          :
       v.                                 :     Judge Thomas M. Rose
                                          :
Hon. FRANK KENDALL, *et al.*,             :
                                          :
              Defendants.                 :

---

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION TO STAY THIS
MATTER PENDING RESOLUTION OF ISSUES IN *DOSTER V. KENDALL*
(DOC. NO. 50)**

---

Presently before the Court is Plaintiff's Motion to Stay this Matter Pending Resolution of Issues in *Doster v. Kendall* ("Motion"). (Doc. No. 50.) Plaintiff Lieutenant Michael Poffenbarger ("Poffenbarger") asks the Court to stay this matter pending resolution of the Government's appeal of Judge McFarland's orders granting class certification and a class-wide preliminary injunction in *Doster v. Kendall*, Case No. 1:22-cv-84 (S.D. Ohio). (*Id.*) For the reasons stated below, the Court **GRANTS** the Motion and stays this action pending exhaustion of all appeal rights concerning the decision in *Doster* to grant class certification.

### I.    BACKGROUND

Poffenbarger filed the present action on January 2, 2022 seeking to redress the Government's alleged violation of his rights under the Religious Freedom Restoration Act ("RFRA") and the Free Exercise Clause of the First Amendment. (Doc. No. 1.) Poffenbarger also sought a temporary restraining order and a preliminary injunction. (Doc. No. 1; Doc. No. 2; Doc. No. 11.) The Court denied the temporary restraining order, but subsequently granted the

1

preliminary injunction on February 28, 2022. (Doc. No. 3; Doc. No. 19; Doc. No. 32.)

On February 16, 2022, eighteen plaintiffs filed a complaint in the United States District Court for the Southern District of Ohio at Cincinnati. (*Doster v. Kendall*, No. 1:22-CV-84, Doc. No. 1.) Like Poffenbarger, the plaintiffs in the *Doster* case have an affiliation with either the United States Air Force or the United States Space Force, and both Poffenbarger and the plaintiffs in *Doster* are represented by the same attorneys. (*See* Doc. No. 38 at PageID 1317, 1327; *Doster*, Doc. No. 1 at PageID 3-6, 19-20.) The claims in *Doster* and in this case are the same (violation of the RFRA and violation of the First Amendment), although at least some of the relief requested is different. (*Compare* Doc. No. 38 at PageID 1326 (Poffenbarger seeking damages) *with Doster*, Doc. No. 1 at PageID 17-19 (plaintiffs not seeking damages).)

In *Doster*, on March 31, 2022, the Court granted in part and denied in part Plaintiffs' Motion for Preliminary Injunction. (*Doster*, Doc. No. 47.) On May 27, 2022, the Government filed an appeal of that preliminary injunction order. (*Doster*, Doc. No. 62.) On July 14, 2022, the court in *Doster* granted the Plaintiffs' motion to certify a class. (*Doster*, Doc. No. 72 at PageID 4448, 4452, 4468-69.) The court found that the plaintiffs "have satisfied the Rule 23(a) prerequisites, as well as Rule 23(b)(1)(a) and Rule 23(b)(2)." (*Id.*) On July 27, 2022, the court in *Doster* granted a class-wide preliminary injunction that also modified the parameters of the class. (*Doster*, Doc. No. 77.) In part, the *Doster* court added the ability to opt out of the class. (*Id.* at PageID 4539.) On August 15, 2022, the Government filed a notice of appeal, appealing the class certification order and the class-wide preliminary injunction. (*Doster*, Doc. No. 82.)

In this case, on August 5, 2022, the Court held a telephonic status conference with the parties. The Court and parties discussed the status of this case in light of recent orders entered in *Doster*. Significantly, the parties in this case agreed during the August 5 status conference that

Poffenbarger is a member of the *Doster* class.

On August 8, 2022, Poffenbarger filed the present Motion.  (Doc. No. 50.)  In the Motion, Poffenbarger argues that this case should be stayed until the appeal rights as to the class-wide injunction and class certification orders have been exhausted.  (*Id*. at PageID 1461; Doc. No. 52 at PageID 1471.)  On August 29, 2022, the Government filed its response.  (Doc. No. 51.)  In its response the Government argues that this matter should be dismissed because it is duplicative of the *Doster* action and Poffenbarger should not be permitted "a second bite of the apple."  (*Id*. at PageID 1464-66.)  In the alternative, the Government argues that the stay should only remain in effect until the Sixth Circuit Court of Appeals delivers its decision on the Government's emergency stay of the class-wide injunction in *Doster*.  (*Id*. at PageID 1466.)  Poffenbarger filed his reply on August 31, 2022.  (Doc. No. 52.)  This matter is ripe for review and decision.

## II.    STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In asking for a stay:

> The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Ohio Environ. Council v. United States Dist. Ct., Southern Dist. Of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis*, 299 U.S. 248, 254-55).  "The most important factor is the balance of the hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'"  *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir. 2014)

(citing *Int'l Brotherhood of Elec. Workers v. AT & T Network Sys.*, No. 88-3895, 879 F.2d 864  (Table), 1989 WL 78212 (6th Cir. July 17, 1989) (internal citations omitted)).

### III.   ANALYSIS

In the interest of judicial economy and avoiding potentially duplicative litigation and conflicting results, the Court temporarily stays this case.[1]  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants") (internal quotation marks omitted); *see also Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 795 (6th Cir. 2016) ("when a federal court is presented with … a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit"; explaining that "staying this case while the [pending class action] resolves the various issues raised by [a party] would probably be the most reasonable course of action") (internal quotation marks omitted).

The Government has taken the position that this matter should be dismissed because Poffenbarger is a member of the *Doster* class and, therefore, the actions are duplicative.  (Doc. No. 51 at PageID 1464-66.)  However, such a drastic step could potentially leave Poffenbarger without a forum to have his claims heard, particularly given that the Government also argues that Poffenbarger should have no ability to op out of the *Doster* class.  (Doc. No. 51 at PageID 1465,

---

[1] The Court notes that, to its knowledge, nothing is currently pending between the parties or before the Court (which has yet to issue a preliminary pretrial conference following the July 19, 2022 "Opinion and Order Granting Plaintiff's Motion to Conduct Discovery (Doc. No. 44) and Denying Defendants' Motion Regarding Scope of Discovery (Doc. No. 45)" issued by Magistrate Judge Gentry (Doc. No. 49)), and the Court's preliminary injunction that essentially maintains the *status quo* (*see* Doc. No. 32) remains in place.

n. 4 ("[t]he government disagrees that the mandatory Rule 23(b)(1)(a) and (b)(2) class certified in *Doster* could provide for such an opt out").) For instance, if this Court were to dismiss this case and an appellate court were to hold that the class was improperly certified in *Doster*, then Poffenbarger would not have a case pending before any court. This Court sees no need to go that far. It is more prudent to simply stay this case temporarily. *Baatz*, 814 F.3d at 795 (explaining that the district court should not have dismissed the case; "why take chances? It is simpler just to stay the second suit").

The Court will stay the matter until final resolution of whether *Doster* will proceed as a class action that includes Poffenbarger as a member of its certified class. Poffenbarger suggests that this case should be stayed until both the class certification and preliminary injunction orders are decided. This is unnecessary. For the purposes of this action, the Court simply needs to know whether the decision in the *Doster* class that contains Poffenbarger will be upheld after all appeals of that decision have been exhausted. At that point, if the decision has not been made for him by an appellate court, then it will be Poffenbarger's decision whether to stay in the class or opt out.

## IV.    <u>CONCLUSION</u>

Given the complications currently presented by Poffenbarger being a party in two concurrent, similar cases, and the pending appeal of the order granting class certification in the other case, the Court **STAYS** this case until (unless otherwise ordered) there has been an exhaustion of all appeal rights concerning the decision in *Doster* to grant class certification, at which time the Court will re-examine whether the case should continue to be stayed. The Court further **ORDERS** the parties to file a status report within seven (7) days of the Sixth Circuit Court of Appeal's decision on the emergency stay of the class injunction order in *Doster*.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 2, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE