IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MICHAEL POFFENBARGER, | : | Case No. 3:22-cv-1 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| HON. FRANK KENDALL, et al., | : | |
| Defendants. | : | |

## ORDER SUA SPONTE DISMISSING CASE AS MOOT

This matter is before the Court sua sponte to consider whether the case is moot following the enactment of the James M. Inhofe National Defense Authorization Act ("NDAA") for Fiscal Year 2023, Pub. L. No. 117-263, 136 Stat. 2395 (2022), and the Supreme Court's order in *Kendall, Sec'y of the Air Force v. Doster*, No. 23-154, 601 U.S.___ (2023). The parties have briefed the matter. (*See* Docs. 58, 59.) For the reasons discussed below, the Court concludes that the matter is moot and **DISMISSES** the case **WITHOUT PREJUDICE.**

## FACTS & PROCEDURAL HISTORY

Plaintiff Michael Poffenbarger is a First Lieutenant in the Air Force Reserve who sought, and was refused, a religious exemption to the Department of Defense's requirement that its armed servicemembers be vaccinated against COVID-19. (Am. Compl., Doc. 38, ¶¶ 8-15.) Though Plaintiff did not receive an exemption to the policy, he refused to get the vaccine. (*Id.*) Because of his noncompliance with the policy, Plaintiff

was placed on "No Pay/No Points" status, which excused him from participating in reserve training and drills. (Smith Decl., Doc. 15, Pg. ID 310.)

Plaintiff brought this Complaint against several Defendants in the Air Force chain of command, arguing that the vaccine requirement and subsequent disciplinary action violated his rights under the Religious Freedom Restoration Act ("RFRA") and the First Amendment's Free Exercise Clause. (*See* Am. Compl., Doc. 38, Pg. ID 1324-25.) He sought declaratory judgment and injunctive relief to prevent further disciplinary action, remove prior disciplinary measures, and restore his service record to account for lost pay and retirement points. (*Id.* at Pg. ID 1326.) On February 28, 2022, this Court entered a preliminary injunction preventing Defendants from taking further disciplinary action. (Preliminary Injunction, Doc. 32.) The Order did not rescind Defendants' prior action. (*See id.*)

On July 27, 2022, this Court entered a nationwide preliminary injunction in *Doster v. Kendall* that restored reservists in the class, including Plaintiff, to pay and points status. *See Doster v. Kendall*, No. 1:22-CV-84, 2022 WL 2974733, at *1-2 (S.D. Ohio, July 27, 2022). This Court then stayed this case pending resolution of the appeal in *Doster*. (Stay Order, Doc. 53.) The Court of Appeals for the Sixth Circuit affirmed this Court's preliminary injunction in *Doster*. *Doster v. Kendall*, 54 F.4th 398, 442 (6th Cir. 2022), *vacated as moot*, *Kendall, Sec'y of the Air Force v. Doster*, No. 23-154, 601 U.S. ___ (2023).

In December 2022, Congress enacted the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023. Pub. L. No. 117-263, § 525. Under this legislation, on January 10, 2023, the Secretary of Defense rescinded the vaccine mandate and adverse

2

actions for those servicemembers who sought exemptions on religious grounds. *See id.* Following, the Supreme Court vacated the Sixth Circuit's judgment in *Doster* and ordered the Sixth Circuit to instruct this Court to vacate the *Doster* preliminary injunctions as moot. *Doster*, 601 U.S.___, at *1. In the meantime, this Court lifted the stay in this case and directed the parties to brief whether this case was moot after the Supreme Court's order and the enactment of the NDAA. (01/23/2024 Notation Order.)

## LAW & ANALYSIS

The question before the Court is whether the case is moot. Mootness implicates a federal court's subject-matter jurisdiction, *Mokdad v. Sessions*, 876 F.3d 167, 169-170 (6th Cir. 2017), and the Court may consider whether it has subject-matter jurisdiction at any time, Fed. R. Civ. P. 12(h)(3). Federal courts may only adjudicate "actual" controversies, so a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "The test for mootness is 'whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018) (cleaned up). In other words, a court must be able to grant "effectual" relief. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1985)).

Plaintiff concedes that much of his case is moot following the Supreme Court's order. (*See* Plaintiff's Brief, Doc. 59, Pg. ID 1583-84.) But, he contends that he is still entitled to backpay and retirement points for the drill weekends from January to June, 2022 that Defendants excluded him from. (*Id.*) Defendants argue that the case is

3

nevertheless moot because Plaintiff cannot recover backpay and retirement credit and sovereign immunity bars relief. (Def. Brief, Doc. 58, Pg. ID 1568-69.) Upon review, the Court finds that Defendants' arguments have merit.

### I. This Court Cannot Award Backpay

Plaintiff argues that Defendants' actions cost him $4,346.16 in lost drill pay. (Plaintiff's Brief, Doc. 59, Pg. ID 1583.) Plaintiff contends that this injury keeps the case alive because he is entitled to backpay. (*Id.*) That said, the Court cannot grant backpay as relief, so this argument fails to show that there is a live case or controversy.

The United States pays its military servicemembers in one of two ways: members serving in full-time active duty are paid because of their professional status, and members serving part-time in the reserves are paid for drills and training they attended. *See Kuntz v. United States*, 141 Fed. Cl. 713, 716 (2019); 37 U.S.C. §§ 204(a)(1), (2), and 206(a)(1). Under this scheme, reservists cannot recover back pay for drills or training they did not attend. *Palmer v. United States*, 168 F.3d 1310, 1314 (Fed. Cir. 1999). This is true even if a reservist were wrongfully prevented from attending the training or drill. *Id.* Therefore, Plaintiff cannot recover backpay for those drills that he missed, even if his exclusion was unlawful.

In response, Plaintiff points to *Schelske v. Austin*, 2023 WL 5986462 (N.D. Tex. Sept. 14, 2023). There, the district court held that RFRA permitted claims for backpay in connection with claims for reinstatement to active duty because backpay was "integral" to restoring prospective class members to their former status before separation. *Id.* at *31-32. That holding does not apply here. The issue in *Schelske* involved separated active-duty servicemembers who sought reinstatement to active duty and as well as backpay that

4

they would have earned but for their unlawful separation. *Id.* Here, Plaintiff did not attend drills while serving as a reservist. Reservists can only receive pay for drills they attended. 37 U.S.C. § 206(a)(1). As a result, "military reservists can find themselves 'without recourse' for wrongful treatment, 'when a service member on regular active duty would have such recourse if similarly treated.'" *Radziewicz v. United States*, 167 Fed. Cl. 62, 67 (2023) (quoting *Palmer*, 168 F.3d at 1314–15 (Fed. Cir. 1999)).

Plaintiff further contends that the Court can grant this relief because it is equitable. (Plaintiff's Brief, Doc. 59, Pg. ID 1585, 1588). Despite this argument, Plaintiff still cannot receive backpay for the drills between January and June 2022 because he did not participate in them. *See Palmer*, 168 F.3d at 1314. The Court cannot grant backpay as relief, so it cannot be used to avoid mootness. *See Church of Scientology of Cal.*, 506 U.S. at 12.

## II. This Court Cannot Award Retirement Points

Plaintiff also seeks 24 retirement points that he did not receive because Defendants placed him on "No points/No pay" status, which he maintains is a live issue because he will draw less retirement pay. (Plaintiff's Brief, Doc. 5, Pg. ID 1583.) But, as detailed below, this similarly fails to demonstrate a live controversy in this case.

### a. Plaintiff Cannot Receive Retirement Points for Unattended Drills

First, the Court concludes that it cannot award retirement points for similar reasons as to why it cannot award backpay, namely that it is not permitted by statute. Reservists receive retirement pay based on the points they accrue throughout their service. *See* 10 U.S.C. § 12733. They can accrue points, in part, by attending drill sessions. *See* 10 U.S.C. § 12732(a)(2)(B). That said, like pay, reservists only accrue retirement points

5

for drills they attend. *Id.* There is no statute or other authority allowing reservists to receive credit for drills they did not attend, so the Court concludes that the structure of 10 U.S.C. § 12732 and the Federal Circuit's reasoning in *Palmer* forecloses Plaintiff's desired relief.

### b. Sovereign Immunity Bars Relief

Alternatively, sovereign immunity bars the recovery of retirement points in this case. Sovereign immunity shields the federal government from suit, absent an explicit statutory waiver. *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021). This immunity extends to federal officials sued in their official capacities. *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). Congress may only waive sovereign immunity through clear statutory language. *Dept. of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 144 S. Ct. 457, 465-66 (2024),

As a threshold matter, and despite Plaintiff's argument to the contrary, the Court concludes that his request for retirement points is a claim for damages, not an injunctive claim for equitable relief. (*See* Plaintiff's Brief, Doc. 59, Pg. ID 1585). Awarding these points has the effect of increasing Plaintiff's retirement pay, which is similar to what this Court has previously concluded "amount[s] to an award of monetary damages." *DeGroat v. Townsend*, 495 F. Supp. 2d 845, 852 (S.D. Ohio 2007) (Air Force officer's request for injunction to credit for service time was ultimately one for monetary damages.); *see also Sosa v. Sec'y, Dep't of Def.*, 47 F.App'x 350, 351-52 (6th Cir. 2002) (Army veteran's request for a correction of his records to reflect a medical discharge was ultimately one for money damages.). Plaintiff seeks the retirement points in order to increase his benefits from the

6

government, so the Court cannot remedy this harm by injunction. *DeGroat*, 495 F. Supp. 2d at 853.

The Court next turns to whether sovereign immunity bars relief. Plaintiff contends that Defendants waived the immunity argument by not raising it before and that he can recover damages against Defendants under RFRA. (Plaintiff's Brief, Doc. 59, Pg. ID 1586, 1588-89). Neither argument sways the Court.

Government counsel cannot waive sovereign immunity as a defense, and the Court can address the applicability of sovereign immunity at any stage of the litigation. *Gaetano*, 994 F.3d at 508.

Also, Plaintiff cannot recover damages from Defendants because he only sued them in their official capacities. Plaintiff argues that the Supreme Court's recent decision in *Tanzin v. Tanvir*, 592 U.S. 43, 49 (2020) provides that RFRA waives sovereign immunity in this instance. (Plaintiff's Brief, Doc. 59, Pg. ID 1586). RFRA enables a person whose religious exercise has been unlawfully burdened by a government to "obtain appropriate relief." 42 U.S.C. § 2000bb-1(c). The Supreme Court held in *Tanzin* that, based on the "appropriate relief" language, plaintiffs could bring damages claims under RFRA against government officials in their individual capacities. *Tanzin*, 592 U.S. at 50-51. But, the Court did not extend this holding to RFRA claims against government officials in their official capacities. *See id.* In fact, the Court explicitly differentiated *Tanzin* from *Sossaman v. Texas*, wherein the Court held that the identical "appropriate relief" language in the Religious Land Use and Institutionalized Persons Act did not waive sovereign immunity for damages claims against government actors in their official capacities. *See id.* at 51-52

7

(citing *Sossaman v. Texas*, 563 U.S. 277, 284-86(2011)). In sum, *Tanzin* did not hold that RFRA waives sovereign immunity to suits for damages against government officials in their official capacities, and Plaintiff has not provided any other authority to the contrary. Accordingly, Plaintiff cannot recover damages from Defendants.

Plaintiff's claim for retirement points does not maintain a live case that can be remedied. The structure of 10 U.S.C. § 12732 and the reasoning in *Palmer* foreclose relief, and in the alternative, sovereign immunity bars his claim.

\* \* \*

This Court cannot award backpay and retirement points to Plaintiff. In turn, the Court cannot "effectuate relief" that would "make a difference to the legal interests of the parties." *Hanrahan*, 905 F.3d at 960; *Church of Scientology of Cal.*, 506 U.S. at 12. Thus, this case is now moot.

## CONCLUSION

Accordingly, the Court sua sponte **DISMISSES** the case **WITHOUT PREJUDICE**. The matter is **TERMINATED** from this Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF OHIO<br><br>
By: _____<br>
JUDGE MATTHEW W. McFARLAND